DVORAK, APPELLANT, *v.* MUNICIPAL CIVIL SERVICE
COMMISSION OF THE CITY OF ATHENS, APPELLEE.

[Cite as Dvorak v. Municipal Civil Service Comm.
(1976), 46 Ohio St. 2d 99.]

(No. 75-879—Decided April 28, 1976.)

*Messrs. George, Greek, King, McMahon & McConnaughey*, and *Mr. William C. Moul*, for appellant.
*Mr. Lawrence Grey*, city solicitor, for appellee.

CELEBREZZE, J. The appellant contends that an appeal to the Court of Common Pleas under R. C. Chapter 2506 may not be disposed of by summary judgment under Civ. R. 56. Appellant initially attempted to appeal the denial of a permanent appointment as a fireman to the Athens civil service commission under R. C. 143.27 which had been repealed and recodified as R. C. 124.34. It was the appellant's contention that because the appointing authority had not removed him within the one-year probationary

period,[1] his appointment had become final. The Athens civil service commission dismissed his appeal without a hearing.

Appellant then invoked the jurisdiction of the Court of Common Pleas of Athens County on the basis of R. C. 2506.01, which reads in part:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located * * *."

The appellee did not contest the jurisdiction of the Court of Common Pleas, but rather chose to file a motion for summary judgment on July 8, 1974, pursuant to Civ. R. 56, which motion contained the following language:

"Ohio Civil Rule 56 authorizes the filing of this motion in cases where the transcript of evidence clearly indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In the case at bar, the transcript of evidence from the Municipal Civil Service Commission clearly indicates * * *."

While not intending to decide the question raised by appellant's affidavit, filed July 3, 1974, pursuant to R. C. 2506.03,[2] prior to the filing of the motion for summary judg-

---

[1] The applicable statute is R. C. 124.27, which states, in part, as follows:

"All original and promotional appointments * * * shall be for a probationary period, not less than sixty days nor more than one year * * * except original appointments to a police department as a policeman or policewoman, or to a fire department as a fireman which shall be probationary for a period of one year and no appointment or promotion is final until the appointee has satisfactorily served his probationary period. * * *"

[2] R. C. 2506.03 provides, in pertinent part, as follows:

"The hearing of such appeal shall proceed as in the trial of a civil action but the court shall be confined to the transcript as filed pursuant to Section 2506.02 of the Revised Code unless it appears on the face of said transcript or by affidavit filed by the appellant that:

"* * *

ment containing the aforesaid language, it most certainly would have been appropriate for the Court of Common Pleas to consider that request prior to granting said motion.

The Court of Appeals then affirmed the judgment, citing the case of *State, ex rel. Hart, v. Bd. of Commrs. of Hocking County* (1920), 101 Ohio St. 336. This case appears to differ significantly from the case at bar. Mr. Hart, the relator, was in fact not certified by the State Civil Service Commission, and, therefore, was merely a provisional employee, "subject to be terminated upon an eligible list being certified by the State Civil Service Commission." The court, in *Hart*, concluded at page 343:

"The appointment of the relator then having been made without reference to his qualification under a civil service examination, the State Civil Service Commission never obtained jurisdiction over the employment, and, therefore, had no jurisdiction over the termination of that employment."

That case hardly fits the facts in this case where the appellant was certified after examination by the Athens civil service commission and appointed from an eligible list.

Appellant argues that a motion for summary judgment does not properly lie in an R. C. Chapter 2506 appeal. He cites the scope of the Rules of Civil Procedure as set forth in Civ. R. 1, and more appropriate to this case, the exceptions contained within subdivision (C) thereof, which read, in pertinent part:

"(B) The appellant was not permitted to appear and be heard in person or by his attorney in opposition to the order appealed from:

"(1) To present his position, arguments and contentions;

"(2) To offer and examine witnesses and present evidence in support thereof;

"(3) To cross-examine witnesses purporting to refute his position, arguments and contentions;

"(4) To offer evidence to refute evidence and testimony offered in opposition to his position, arguments and contentions;

"* * *

"(C) The testimony adduced was not given under oath."

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling * * * ."

Perhaps the key phrase in the above quote is the language "to the extent that they would by their nature be clearly inapplicable." The subdivision (C) exceptions are not to be considered in a vacuum but should be read together with subdivision (B).[3]

Appellee cites the case of *Houk* v. *Ross* (1973), 34 Ohio St. 2d 77, to support its contention that a motion for summary judgment may be rendered in this kind of appeal. Unfortunately, that case holds that a court may enter summary judgment *against* the movant without prejudicing his "due process" rights "where all the evidence material to the issue being litigated is before the court, and the record shows that no genuine issue as to any material fact exists and that the *nonmoving* party is entitled to judgment as a matter of law." (Emphasis added.) It is sufficient to say that the holding in that case is not applicable here.

This case came to the Court of Common Pleas as an R. C. Chapter 2506 appeal. Under this situation the court performs an appellate function limited to determining whether the decision of the civil service commission is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." See R. C. 2506.04. Where in a case such as this a question is raised by affidavit pursuant to R. C. 2506.03, alleging deficiencies apparent upon the face of the record which are enumerated therein in accordance with the terms of that statute, we are constrained to disagree with the findings of the lower courts. Most certainly an affidavit alleging the absence of a hearing where the commission's order appealed

---

[3]Civ. R. 1(B) provides:

"These rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice.

from states that it had resolved certain facts in dispute would be sufficient to raise a query concerning an issue as to a material fact, which would bar the granting of a motion for summary judgment. A material issue of fact determination is an exercise of a quasi-judicial function. Such action minimally requires notice and hearing. No evidence of a hearing was contained in the record. Appellant's affidavit clearly raised this deficiency.

We conclude, therefore, that the decisions of the Court of Common Pleas and the Court of Appeals were in error for the reason that a motion for summary judgment could not lie on the basis of this record. The judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, W. BROWN and P. BROWN, JJ., concur.