OPINION
Appellant Vasu Communications, Inc. ("Vasu") appeals the decision of the Richland County Court of Common Pleas that affirmed the decision of the Mansfield City Planning Commission to deny Vasu's application to erect a one hundred eighty foot tower on its property located at 446 South Main Street, Mansfield. In August 1997, Allen Vasu became the owner of the property at issue. The property is located in an area zoned for residential use. Mr. Vasu's company provides communication services. On February 27, 1998, Mr. Vasu sent a letter to the City of Mansfield concerning obtaining a permit to erect a tower on his property. Appellant thereafter filed his request for site plan approval. On March 24, 1998, the Planning Commission met to take testimony as to the effect of such a proposal to construct a tower at that location. At the meeting, David Vasu and Allen Vasu explained to the Planning Commission that they wanted to construct a one hundred eighty foot non-illuminated communication tower at the rear parking lot of the Fellowship Baptist Church. At this meeting, Howard Norris, the Housing and Zoning Supervisor for the City of Mansfield's Bureau of Building, Inspections, Licenses and Permits indicated that the proposed tower did not comply with the minimum setback requirements as required by city ordinance. This ordinance requires that the tower be a distance from the property lines equal to the height of the tower. Allen Vasu indicated it would be difficult for his business to comply with the ordinance given the size of his lot. On May 12, 1998, the Planning Commission again addressed the tower proposal. Nobody on behalf of Vasu was present at this meeting. Law Director Robert Konstam was present at the meeting and presented a draft decision addressing the issues raised by Vasu's non-compliance with the ordinance. The mayor for the City of Mansfield indicated she had talked to representatives from Sprint and they offered the use of their tower to Vasu. Following the conclusion of this discussion, a motion was made to deny the request due to non-compliance with the tower ordinance. The Planning Commission met with Vasu's attorney on May 26, 1998. Vasu's attorney, Dave Vasu and employees of Vasu presented information in favor of the tower proposal since they were not in attendance at the meeting conducted on May 12, 1998. The Planning Commission again voted to deny Vasu's request for the tower and issued a written decision explaining the reasons for the denial on June 6, 1998. On June 26, 1998, Vasu filed a notice of appeal to the Richland County Court of Common Pleas pursuant to R.C. Chapters 2505 and 2506. On December 28, 1998, the trial court issued its decision sustaining the Planning Commission's decision to deny Vasu's application to construct the tower. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED BY CONSIDERING AND RELYING ON EVIDENCE OUTSIDE THE TRANSCRIPT TO THE PREJUDICE OF APPELLANT.
 II THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT ALTHOUGH APPELLANT WAS AN "ESSENTIAL SERVICE," THAT IT WAS NOT AN EXCEPTION TO THE MANSFIELD CITY TOWER ORDINANCE.
 II THE LOWER COURT ERRED IN FINDING BY A PREPONDERANCE OF SUBSTANTIAL (SIC) RELIABLE AND PROBATIVE EVIDENCE ON THE WHOLE TRANSCRIPT, THE APPELLEE'S TOWER ORDINANCE COMPLIED WITH THE TELECOMMUNICATION ACT OF 1996 AND IN PARTICULAR 47 U.S.C. SECTION 332(C)(7).
Standard of Review
Our standard for reviewing a decision of a trial court in an administrative appeal pursuant to R.C. Chapter 2506 is to review the record and the legal determinations of the common pleas court to determine whether as a matter of law the trial court's decision is supported by a preponderance of substantial, reliable and probative evidence. Dudukovich v. Housing Authority (1979),58 Ohio St.2d 202, 207. Under R.C. 2506.04, we review the judgment of the trial court only on questions of law which does not include the same extensive power to weigh the preponderance of the substantial, reliable and probative evidence as is granted to the trial court. Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34. Therefore, pursuant to R.C. 2506.04, we must affirm the judgment entered by the trial court unless we find the judgment is, as a matter of law, not supported by a preponderance of reliable, probative and substantial evidence. Id. This determination is tantamount to evaluating whether a court below abused its discretion. Id. at n. 4. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It is based on this standard that we review appellant's three assignments of error.
 I
In its First Assignment of Error, appellant contends the trial court erred by considering and relying on evidence outside the transcript. We disagree. In Dvorak v. Municipal Civil Service Comm. (1976), 46 Ohio St.2d 99, paragraph one of the syllabus, the Ohio Supreme Court explained: Where an appeal is taken to the Court of Common Pleas under R.C. Chapter 2506, the hearing is confined to the transcript of the administrative body, unless one of the conditions specified in R.C. 2506.03 appears on the face of the transcript or by affidavit.
Under R.C. 2506.03, a trial court is not confined to the transcript when one of the following applies: (1) The transcript does not contain a report of all evidence admitted or proffered by the appellant; (2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following: (a) Present his position, arguments, and contentions; (b) Offer and examine witnesses and present evidence in support; (c) Cross-examine witnesses purporting to refute his position, arguments, and contentions; (d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions; (e) Proffer any such evidence into the record, if the admission if it is denied by the officer or body appealed from. (3) The testimony adduced was not given under oath; (4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body; (5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from; * * *
Appellant argues that none of the conditions contained in R.C.2506.03 were present in the case sub judice and therefore, the trial court was confined to the evidence contained in the transcript. Appellant sets forth three examples in support of its argument that the trial court improperly considered evidence outside the transcript. First, appellant argues the trial court should not have referred to the fact that Sprint filed a tower application which was granted by the Planning Commission because it complies with the setback requirements. Judgment Entry, Dec. 28, 1998, at 5-6. Apparently, the Planning Commission made the decision regarding Sprint's tower application two months after it denied appellant's tower application. The transcript of the hearing conducted on March 24, 1998, indicates the Sprint tower application was discussed. Mayor Reid stated she talked to Sprint and Sprint indicated appellant could use Sprint's tower. Tr. Hrng. May 26, 1998, at 18. Mayor Reid further indicated that the Planning Commission had not yet approved Sprint's tower application but indicated the application met the setback requirements because the tower would fall within its own property. Id. The trial court did not err when it discussed Sprint's application and subsequent approval by the Planning Commission as the transcript indicates the parties discussed Sprint's application at one of the hearings conducted on this matter. Second, appellant argues the trial court should not have commented on its belief that in high winds the tower would fall in the direction the wind is blowing. Rather, appellant contends the trial court should have relied on Exhibits A and E, introduced at the hearing, which indicate the tower would collapse on itself. This conclusion, by the trial court, is merely incidental commentary. It is not the trial court's sole reason for affirming the denial of appellant's application and therefore, constitutes harmless error. Even if we disregard this statement by the trial court, there is sufficient evidence to support the trial court's conclusion. Finally, appellant maintains the trial court should not have referred to the fact that the tower ordinance was not in effect at the time the towers were built at the Marion Avenue and Sturges Avenue locations. The record indicates it was appellant that first mentioned the subject of these two towers. Id. at 18, 25. Thus, it was within the trial court's discretion to comment on the fact that these two towers were built prior to the effective date of the city's tower ordinance. Accordingly, the trial court did not err in considering and relying on this evidence as we find it was not outside the transcript. Appellant's First Assignment of Error is overruled.
 II
In its Second Assignment of Error, appellant maintains the trial court erred when it found appellant to be appellant an "essential service" but not an exception to the City of Mansfield's tower ordinance. We disagree. Based on the language contained in Chapter 1187.01 of the Communication Towers Ordinance, we find the trial court properly concluded this ordinance applies to appellant's proposed tower even if it provides an "essential service." Chapter 1187.01 provides: 1187.01 PURPOSE Notwithstanding section 1153.03
(37) excepting "essential services" from the provisions of this chapter, this communication tower regulation is intended to preserve the opportunity for improved services and technological advances from such consumer oriented public services and at the same time preserve the quality of life in residential areas close to tower installations including to protect the health and safety of residents from possible adverse impacts of emissions including noise; to protect the visual quality and natural beauty of the community; and to provide guidelines for zoning compliance to protect the general welfare, health and safety of the City's residents.
Pursuant to the above language, the setback requirements contained in the Communication Tower Ordinance apply to appellant, even if appellant provides an "essential service." Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court erred in concluding the Planning Commission's Communication Tower Ordinance complies with Section 332(C)(7), Title 47, U.S. Code. We disagree. The portion of the Act at issue provides, in pertinent part: (c)(7) Preservation of Local Zoning Authority. (A) General authority Except as provided in this paragraph, nothing in this chapter shall limit or affect the authority of a State or local government * * * over decision regarding the placement, construction, and modification of personal wireless service facilities. (B) Limitations (I) The regulations of placement, construction, and modification of personal wireless service facilities by any State of local government or instrumentality thereof — (I) shall not unreasonably discriminate among providers of functionally equivalent services; and (II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services. * * * (iii) Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence in a written record.
* * *
Appellant argues the Communication Tower Ordinance discriminates among providers of equivalent services and has the effect of prohibiting wireless services in violation of Section 332(C)(7), Title 47, U.S. Code. In support of this argument, appellant refers to the two towers that were constructed prior to the effective date of the City of Mansfield's Communication Tower Ordinance. Appellant points out that these two towers are located in similar residential areas as proposed by its tower application. Appellant also argues a large track of land needed to meet the setback requirements does not exist in the southeast portion of the city. Appellant further claims the neighbors have no objection to the placement of the tower in their neighborhood. Finally, appellant contends the Communication Tower Ordinance precludes the Planning Commission from considering appellant's application on a case by case basis. We begin our analysis of this assignment of error by noting Section 332(C)(7), Title 47, U.S. Code specifically provides that the Act is not intended to preempt the authority of state and local governments to regulate the location of cell towers within their communities. See Sprint Spectrum L.P. v. Willoth (W.D. N.Y. 1998), 996 F. Supp. 253, 257. The arguments made by appellant fail to establish that the Planning Commission discriminated against appellant by denying its application. As indicated in appellant's Second Assignment of Error, the towers located on Marion and Sturges Avenues were constructed prior to the effective date of the Communication Tower Ordinance. Thus, the Planning Commission did not authorize the construction of these towers in residential areas. Appellant also did not present any evidence that the Planning Commission had a preference for one company over another. In fact, the Planning Commission complied with Section 332(C)(7)(B)(II)(iii), Title 47, U.S. Code because its decision was in writing and supported by substantial evidence contained in the record. The fact that the proposed tower fails to meet the setback requirements is sufficient to deny appellant's application. "It is within the prerogatives of a local government to determine that a tower * * * is too imposing for a particular neighborhood." ATT Wireless Services of Florida, Inc. v. Orange County (M.D. Fla. 1997), 994 F. Supp. 1422, 1430. Further, the Planning Commission has no blanket prohibition against communication towers in general, they merely have to meet the requirements contained in the Communication Tower Ordinance. We conclude the Communication Tower Ordinance as issue complies with the Telecommunication Act of 1996. Appellant's Third Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Farmer, J., concur.