JOURNAL ENTRY AND OPINION
Oriana House, Inc., a not-for-profit corporation providing job placement, substance abuse and social service programs for chemically dependent persons, applied for and received a variance from the Cleveland Board of Zoning Appeals ("board") to operate a correctional halfway house facility with more than one hundred residents. Capital L. Corporation, the landlord of property near Oriana House and Alternatives Agency, Inc., Capital L.'s tenant and a direct competitor of Oriana House, appealed the board's decision to grant the variance to the court of common pleas. The court dismissed the appeal because it found both Capital L. and Alternatives failed to attend the hearing before the board even though they had notice of the hearing, thus depriving them of standing to complain. Capital L.'s and Alternatives' three assigned errors complain the court erred by dismissing the appeal because the court did not wait for a complete transcript of the proceedings before the board before making its ruling on the motion to dismiss; and that had the court waited for the transcript, it would have learned that Capital L. did not receive notice of the proceedings before the board and thus would have found that Capital L. did have standing to bring the appeal.
R.C. 2506.01 states that "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *" This section does not specifically define who has standing to bring an appeal, but in Schomaeker v.First Natl. Bank of Ottawa (1981), 66 Ohio St.2d 304, paragraph two of the syllabus states:
 The order of a village planning commission granting a use variance is appealable pursuant to R.C. Chapter 2506. A person owning property contiguous to the proposed use who has previously indicated an interest in the matter by a prior court action challenging the use, and who attends a hearing on the variance together with counsel, is within that class of persons directly affected by the administrative decision and is entitled to appeal under R.C. Chapter 2506.
Although the parties refer to Capital L.'s and Alternatives' failure to attend the board proceedings in terms of standing, the argument might more correctly fall under the category of exhaustion of administrative remedies. That is, a party might be "directly affected" by the administrative ruling yet cannot be heard to complain about that administrative ruling if it did not take part in any of the proceedings in a way that could have affected the outcome of those proceedings.
An exception lies in cases where a municipality complains about an adverse ruling from its own board of zoning appeals. InWilloughby Hills v. C.C.'s Bar Sahara, Inc. (1992), 64 Ohio St.3d 24, a municipality that had not attended any proceedings before its own board of zoning appeals tried to appeal from a decision from that board. The court of common pleas and the court of appeals found the municipality lacked standing because R.C. 2506.01 did not confer standing upon the municipality to attack the decision of its own board of zoning appeals. The Supreme Court disagreed, findingmunicipalities could not be held to the "directly affected" requirement set forth in Schomaeker because they would never be able to establish standing unless it did so under circumstances where it exerted its rights as a property owner. C.C.'s BarSahara, 64 Ohio St.3d at 27-28.
Although it may be more precise to refer to the issue as exhaustion of administrative remedies, the distinction here is inconsequential. The court's dismissal rested on Capital L.'s and Alternatives' "lack of standing to bring the present appeal given their failure to participate in the underlying administrative process despite notice of hearing." By failing to attend the hearing, Capital L. failed to become a part of the administrative process in a way that might have affected the outcome. We find the court's reasoning states an appropriate basis for dismissal.
The city maintains the standing requirement is absolute — that failure to engage in the administrative process will always deprive a party of standing to bring an appeal from that administrative process. We think this goes too far. By law, the city has bound itself to give written notice to "the owner or his agent at the address given on the appeal and, so far as it is practicable, written notice to directly affected property owners or their agents * * *" See Cleveland Codified Ordinance No. 329.01(i). If we accepted the city's position, we would permit the city to violate the terms of its own notice requirements and effectively deprive interested parties of the right to be present at proceedings before the board of zoning appeals. The city suggests this result is not prejudicial because interested parties who had been denied statutory notice would have the right to bring declaratory judgment actions. But even if the right to bring a declaratory judgment existed (and we express no opinion on that subject), it seems to run counter to principles of judicial economy. Consequently, we find the issue of notice can be considered by the court when determining a party's standing to appeal from a decision of the board of zoning appeals.
The issue, then, is whether Capital L. and Alternatives received proper notice of the hearing before the board. Subsumed in this issue is the argument that the court should not have made any decision on Oriana House's motion to dismiss until it first received a transcript of the proceedings before the board. Capital L. and Alternatives claim the transcript would have shown they did not receive proper notice of the hearing. The court apparently relied on an affidavit prepared by the board's secretary and submitted by Oriana House which stated that notice had been sent to both Capital L. and Alternatives, but neither attended the hearing. Capital L. and Alternatives claim the court could not utilize the affidavit in the absence of a transcript.
In Dvorak v. Municipal Civil Service Comm. (1976), 46 Ohio St.2d 99, paragraph one of the syllabus states, "[w]here an appeal is taken to the Court of Common Pleas under R.C. Chapter 2506, the hearing is confined to the transcript of the administrative body, unless one of the conditions specified in R.C. 2506.03 appears on the face of the transcript or by affidavit." Oriana House agrees that no transcript had been filed, but maintains that R.C.2506.03(A) is confined to a "hearing" on appeal, meaning a hearing on the merits. It argues the court did not conduct an appeal on the merits, but in fact chose not to reach the merits by dismissing the appeal for lack of standing.
We agree with Oriana House's argument that a transcript of the proceedings before the board was unnecessary insofar as the court considered the procedural question of the motion to dismiss rather than the substantive issue of whether a variance should have been granted. We now have the transcript of proceedings in the appellate record, and our review of the transcript shows the board mailed notice to "fourteen directly affected property owners." Although the record does not indicate who these fourteen affected property owners were, the board's secretary swore in his affidavit that "a letter containing a notice of Oriana's appeal was mailed to Capital L. Corp. and Alternatives Agency [Capital's tenant], at 1804 East 55th Street." In its brief in opposition to the motion to dismiss, Capital L. did not dispute that a letter had been sent, but appended to its brief papers suggesting that the letter went to Capital L.'s corporate office in Aurora rather than to the 1804 East 55th Street location of the property. It claims Alternatives Agency is not on the list of those who received notice nor is there any indication that notice was mailed at all to the East 55th Street address.
Assuming notice had been sent to Capital L.'s corporate office, we fail to see how notice served at that address could be improper. We would ordinarily expect to hear a landlord complain that notice had been wrongly sent to the tenant rather than the landlord. Under those circumstances it might be plausible that the notice would not reach the landlord in a timely fashion. But we find no basis for Capital L.'s complaint that it lacked notice of the hearing because notice was sent directly to it rather than to its tenant.
We also conclude that while the board secretary's affidavit was not part of the zoning appeals record, the court's decision to consider it did not prejudice Capital L. Capital L. did not deny receiving a letter notifying it of the proceedings before the board, and while it now suggests it may have received the letter after the hearing before the board, it did not counter the affidavit with evidence to suggest that it did, in fact, receive the notice too late. Once confronted with the affidavit, Capital L. should have come forward with information showing why the affidavit was incorrect. Its failure to do so is telling under the circumstances.
Although the facts relating to Alternatives are somewhat different, the result is not. Nothing in the record shows Alternatives received any kind of notice, but Codified Ordinance No. 329.01(i) does not require notice to tenants. Alternatives is not a property owner, and the city had no statutory duty to inform it of the proceedings before the board. If fault lies in the notice process, it lies with Capital L. for failing to inform its tenant that the board had scheduled a hearing. The fault is not with the board for failing to issue any notice at all.
Accordingly, we find Capital L. had sufficient notice of the proceedings before the board and its failure to attend the proceedings constituted a failure to exhaust its administrative remedies that deprived it of standing to contest the variance before the court. We likewise find that Alternatives, being a tenant and not a landowner, did not have any right to notice under the circumstances and, in any event, could have been informed by Capital L. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCURS.
 TIMOTHY E. McMONAGLE, P.J., CONCURS IN JUDGMENT ONLY.
 ______________________ JUDGE, JOHN T. PATTON