{¶ 28} I respectfully dissent from the majority on its disposition of appellant's fifth assignment of error.
 {¶ 29} The majority and appellant acknowledge that the City's engineer, Donald Elewski, opined that the City never approved a lot split for appellant in 1996. In response to Elewski's testimony, appellant argues that
"* * * the question as to whether the City acknowledged or approved the existence of two Flannery parcels is the pivotal factual issue. The County engineer's witness testified under oath that the City's approval of the Onders/Flannery lot split and consolidation plat in 1996 constituted approval or acknowledgment of the parcels pursuant to R.C. 711. In response, the City submitted a self-serving affidavit from the City's paid engineer to the contrary. (Footnote omitted).[1]
Appellant's brief at 18. Reciting this paragraph from appellant's brief almost verbatim, the majority agrees with appellant and thus finds a genuine issue of material fact. I disagree.
 {¶ 30} Both appellant and the majority have misread Snezak's deposition testimony on the issue of whether Flannery acquired a lot split, because they have ignored the larger context of his testimony on the question. Snezak testified that in 1996 the Onders obtained a lot split, in fact, three sublot splits. Flannery, on the other hand, acquired only a consolidation, Snezak said. Snezak added, moreover, regardless of what either Flannery or Onders may have thought, there can be no lot split without the City's approval. According to Snezak, the City approved a lot split only for Onders, not Flannery.
 {¶ 31} Considering Snezak's testimony in context, I find nothing inconsistent between his expert opinion and that of Elewski who stated that the City never approved a lot split for Flannery.
Accordingly, there is no conflicting evidence as to what Flannery had in July 1996 and thus no grounds upon which to reverse the trial court on this issue. I would, therefore, affirm the trial court on this issue and sustain appellant's fifth assignment of error.
 {¶ 32} As to the valuation issue described in appellant's fourth assignment of error, I concur with the majority in its judgment, but believe there are more issues that need analysis.
 {¶ 33} The trial court did not hold a hearing to determine what the fair market value of that part of the parcel for which the trial court ordered supplemental payment. Without an evidentiary hearing on the parcel's fair market value, the trial court's determination that the Suhys should pay an additional $12,000 to defendant is arbitrary. That the $12,000 figure is arbitrary is underscored by the Suhys' own stated belief that the total parcel is worth an additional $30,000. Suhy Memorandum in Response to Declaratory Judgment, at 1. The City, on the other hand, argues that the Suhys should not have to pay anything more for the subject parcel beyond their original purchase price of $155,000.00, because there was never a lot split.
 {¶ 34} Regardless of what the Suhys or the City may believe about the value of the parcel, there is no evidence demonstrating what the parcel's fair market value was when the Suhys purchased their home. Because the court did not hold a hearing and the Suhys' own valuation of the property exceeds what the court ordered them to pay, there remain genuine issues of material fact on the question of what the parcel is worth. I agree therefore with the majority's analysis up to this point.
 {¶ 35} Additionally, there are broad questions of equity to consider. As stated by this court in Blackwell v. InternationalUnion, U.A.W. (1984), 21 Ohio App.3d 110, 487 N.E.2d 334:
When the rights of parties are clearly defined and established by law, the courts usually apply the maxim "equity follows the law." Cf. Assn. of Cuyahoga Cty. Teachers of Trainable Retardedv. Cuyahoga Cty. Bd. of Mental Retardation (1983),6 Ohio St.3d 190, 192. However, where the rights of the parties are not so clearly delineated, the courts will apply broad equitable principles of fairness. Such considerations determine the outcome of those cases. Id. Thus, the trial court had broad discretion to fashion a remedy for the particular circumstances of this case. Cf. Chapman v. Sheridan-Wyoming Coal Co. (1950), 338 U.S. 621.
Id., at 112.
 {¶ 36} In the case at bar, I agree that the trial court can fashion an appropriate and equitable remedy. However, there is a threshold question of whether the Suhys have to pay anything more. According to the City, the Suhys have already paid what they had to for the entire parcel. The trial court has a number of equitable remedies available to it in deciding whether the Suhys should pay any additional monies to Flannery. See, Stewartv. Gordon (1899), 60 Ohio St. 170, 53 N.E. 797, syllabus;Starman, Inc. v. Jaftak Realty Inv., Ltd., Ashland App. No. 04-COA-079, 2006-Ohio-779, ¶ 29.
 {¶ 37} In choosing between equitable remedies, the trial court must consider the original sale transaction between Flannery and the Suhys and ask whether the Suhys were good faith purchasers without notice. It must inquire as to whether the parties were operating under a mutual mistake as to exactly what land Flannery could convey to the Suhys. Finally there is the question of Flannery's intent and knowledge when Flannery obtained from the county the lot split, which we have deemed void. See, Safranek v. Safranek, Cuyahoga App. No. 80413, 2002-Ohio-5066, ¶ 19- ¶ 20. The answers to these and other questions will inevitably impact the equitable remedy the trial court fashions in this case. Because of all these competing issues, I would reverse the trial court's judgment which ordered the Suhys to pay appellant $12,000 and remand for a hearing on both the value of the property and the equity issues.
 {¶ 38} Finally, I believe it necessary to clarify the distinct nature of the two cases that constitute this consolidated case. The case before the court of appeals consisted of two cases consolidated at the lower court. One was an administrative appeal challenging the denial of a variance (Case No. CV-98-346605). The second (Case No. CV 357154) is a declaratory action requesting the court of common pleas to determine whether the county recorder and/or auditor properly determined that the property consisted of two separate lots and whether the county properly issued a separate permanent parcel number.
 {¶ 39} On December 8, 2000, the lower court affirmed the Board of Zoning Appeals' decision to deny Flannery's variance in Case No. 346605. This decision was then appealed. After the case was remanded for Civ.R. (B)54 language, which was then given, this court decided the issues in the two cases were too intertwined to sever. Specifically, this court explained: "If the County presents evidence that convinces a trier of fact that it had the authority to give the property a second permanent parcel number, then the Flannerys' claims for practical difficulties warranting the granting of the requested variances gains credence and relevance." This court, however, never addressed the question of whether the conditions were met to introduce new evidence.
 {¶ 40} Even if Flannery's claims gained credence and relevance, she could not prevail on the zoning question if it was decided on new evidence. Appeals from an administrative agency such as the Zoning Board of Appeals must follow the rules outlined in R.C. 2506.03. When an appeal is taken to the court of common pleas under R.C. Chapter 2506, the hearing is confined to the transcript of the administrative body, unless one of five conditions specified in R.C. 2506 appears on the face of the transcript or by affidavit. Dvorak v. Municipal Civil ServiceCom. (1976), 46 Ohio St.2d 99, 346 N.E.2d 157, syllabus.
The five exceptions include that (1) the transcript is an incomplete record of all the evidence; (2) the appellant was not permitted to appear in person, or through counsel, with respect to the final adjudication and was thus denied the opportunity to present or defend its case; (3) the testimony contained therein was not given under oath; (4) the appellant was unable to present evidence because it lacked the power of subpoena; or (5) conclusions of fact supporting the order being appealed were not filed.
Court St. Dev. v. Stow City Council, Summit App. No. 19648, 2000 Ohio App. LEXIS 3900, *11-*12.
 {¶ 41} In the case at bar, appellant does not claim nor do we find that any of the circumstances under which new evidence could be introduced exist in this case. In declaratory actions, on the other hand, the court is able to consider new evidence. Id., at *13, citing Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 16,526 N.E.2d 1350. In addressing the zoning question on remand, the trial court is required to limit itself to those procedures appropriate for zoning appeals. Although the two cases are related, the procedures followed in determining the declaratory action and the zoning appeal must be clearly separated.
[1] In a footnote on page 18 of her appellate brief, appellant cites to the deposition of Cuyahoga County Engineer, Thomas Snezak. Snezak Deposition, at 45-48.