DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ l} Appellant, Keith McMaster, appeals from the judgment of the Summit County Court of Common Pleas which affirmed the decision reached by Appellee, the City of Akron Housing Appeals Board ("the Board"). We affirm.
 I. {¶ 2} On August 9, 2006, an agent of the Akron Housing Division obtained a search warrant to review the conditions of McMaster's home. Following the search of the house, the Housing Division issued McMaster 33 orders to comply, giving him until September 29, 2006 to remedy the violations in *Page 2 
his home. On August 25, 2006, McMaster appealed the Housing Division's orders to the Board. On September 19, 2006, the Board held a hearing and denied McMaster's appeal. On October 18, 2006, McMaster appealed the Board's decision to the trial court.
 {¶ 3} On January 8, 2007, McMaster moved to supplement the record with additional evidence. The trial court denied his motion on February 28, 2007. On April 24, 2007, the trial court affirmed the Board's decision which found that McMaster was in violation of the health and safety regulations of the City of Akron. McMaster timely appealed the trial court's judgment, raising three assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT'S DECISION DENYING APPELLANT'S MOTION TO PRESENT ADDITIONAL EVIDENCE WAS CONTRARY TO LAW, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND/OR CONSTITUTED AN ABUSE OF DISCRETION."
 {¶ 4} In his first assignment of error, McMaster argues that the trial court erred when it did not permit him to present additional evidence to supplement the record created during the administrative process. We disagree.
 {¶ 5} R.C. 2506.03 provides in pertinent part as follows:
 "(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section *Page 3 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 "* * *
 "(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:
 "(a) Present the appellant's position, arguments, and contentions;
 "* * *
 "(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;
 "* * *
 "(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision."
In addition to R.C. 2506.03, Summit County Court of Common Pleas Loc.R. 19.04 provides as follows:
 "In all appeals where the submission of additional evidence is required or permitted by law, a motion to supplement the record shall be filed within fourteen (14) days after the filing of the record of proceedings, supported by affidavit requesting the submission of additional evidence and specifying the nature and type of additional evidence to be submitted and the reasons therefor."
 {¶ 6} It is undisputed that McMaster failed to comply with Loc.R. 19.04. McMaster did not move to supplement the record until 40 days after the administrative record was filed. Moreover, McMaster did not file an affidavit specifying the type of additional evidence to be submitted. Based upon this failure, McMaster cannot demonstrate prejudice from the denial of his motion to *Page 4 
submit additional evidence. See Hypabyssal, Ltd. v. City of AkronHousing Appeals Bd. (Nov. 22, 2000), 9th Dist. No. 20000, at *2.
 {¶ 7} McMaster also failed to demonstrate that any of the exceptions contained in R.C. 2506.03 were applicable. In his motion, McMaster asserted that he was not permitted to cross-examine the witnesses against him during the hearing before the Board. A review of that transcript, however, reveals no evidence that the Board prohibited McMaster's counsel from cross-examining the witnesses. The fact that his counsel chose not to cross-examine the witnesses does not support a conclusion that such cross-examination was prohibited.
 {¶ 8} McMaster also asserted that the Board failed to file findings of fact when the transcript of the proceedings was filed in the trial court. After reviewing McMaster's motion, the trial court ordered the Board to file findings of fact. The Board did so, and McMaster has not challenged the sufficiency of those findings of fact on appeal. Consequently, McMaster cannot demonstrate prejudice from the Board's initial failure to file findings of fact.
 {¶ 9} Finally, McMaster asserted that the Board refused to hear his motion to suppress, violating his right to raise arguments before the Board. As detailed below in response to McMaster's second assignment of error, the Board properly refused to entertain McMaster's motion to suppress.
 {¶ 10} Based upon our review, McMaster failed to timely move to supplement the record and failed to provide any evidence to support a need to *Page 5 
supplement the record. McMaster also failed to establish that any of the exceptions contained in R.C. 2506.03 which permit expanding the record existed. McMaster's first assignment of error, therefore, lacks merit.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT'S DECISION DENYING APPELLANT'S MOTION TO SUPPRESS WAS CONTRARY TO LAW, AGAINST THE WEIGHT OF THE EVIDENCE, AND/OR CONSTITUTED AN ABUSE OF DISCRETION AS THE SEARCH OF APPELLANT'S RESIDENCE WAS UNCONSTITUTIONAL AND ANY EVIDENCE OBTAINED AS A RESULT OF SAID SEARCH SHOULD HAVE BEEN SUPPRESSED."
 {¶ 11} In his second assignment of error, McMaster asserts that the trial court erred when it failed to suppress the evidence observed by the Board's agent during his inspection. We disagree.
 {¶ 12} "Generally, the exclusionary rule has not been applied in civil cases[.]" State, ex rel. Rear Door Bookstore v. Tenth Dist. Ct. ofAppeals (1992), 63 Ohio St.3d 354, 364. On appeal, McMaster has offered no argument to support extending the exclusionary rule to appeals of this nature. Furthermore, the U.S. Supreme Court has repeatedly declined to extend the exclusionary rule to civil proceedings. See, e.g.I.N.S. v. Lopez-Mendoza (1984), 468 U.S. 1032 (refusing to apply the exclusionary rule to civil deportation hearings). InLopez-Mendoza, the Court noted that I.N.S. had "taken sensible and reasonable steps to deter Fourth Amendment violations" and that there was no evidence of widespread violations. Id. at 1050. The Court also noted that the cost of applying the rule would be high *Page 6 
as it would "compel the courts to release from custody persons who would then immediately resume their commission of a crime through their continuing, unlawful presence in this country." Id.
 {¶ 13} Under the facts presented here, we are persuaded by the rationale in Lopez-Mendoza. There is no evidence of widespread Fourth Amendment violations by the Board's agents. In fact, in this matter, the Board's agent sought and received a search warrant from a neutral magistrate. Furthermore, excluding evidence in this case would permit McMaster to immediately resume his conduct in violation of the health and safety regulations of the City. Not only would this permit the violations to continue, it would permit a continued threat to the health and safety of McMaster and his neighbors. This Court, therefore, declines to extend the exclusionary rule to Housing Board appeals.[1]
Consequently, McMaster can demonstrate no prejudice from the Board's refusal to hear his motion to suppress. McMaster's second assignment of error lacks merit.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT'S DECISION AFFIRMING THE ADMINISTRATIVE RULING OF THE HOUSING APPEALS BOARD WAS CONTRARY TO LAW, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND/OR CONSTITUTEDE (sic) AN ABUSE OF DISCRETION." *Page 7 
 {¶ 14} In his final assignment of error, McMaster alleges that the Board's decision was unsupported by the evidence. We disagree.
 {¶ 15} When reviewing a decision pursuant to R.C. 2506.04, the common pleas court:
 "[Considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147.
The standard of review to be applied by an appellate court in a R.C.2506.04 appeal is "more limited in scope" than the review performed by the trial court. (Emphasis sic.) Id. at 147, citing Kisil v.Sandusky (1984), 12 Ohio St.3d 30, 34. In Henley the Ohio Supreme Court explained its analysis of an appellate court's review procedure stating:
 "[R.C. 2506.04] grants a more limited power to the court of appeals[,] * * * which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations omitted.) Henley, 90 Ohio St.3d at 147.
Accordingly, an appellate court's review examines whether the trial court abused its discretion. Baire v. Bd. of Ed. of the William R.Burton Voc. Ctr. Schools (Apr. 12, 2000), 9th Dist. No. 99CA007293, at *3, citing Qualls v. Civ. Service Commn. *Page 8 
(June 18, 1997), 9th Dist. No. 17977, at *2. See, also, Chafe Towing,LLC v. Springfield Twp. (Dec. 19, 2001), 9th Dist. No. 20632, at *2. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 16} In this assignment of error, McMaster asserts that the cumulative errors described in his first two assignments of error require sustaining this argument. As noted above, we found no merit in McMaster's claimed errors. Consequently, they cannot form a basis for invalidating the Board's decision.
 {¶ 17} Additionally, we note that the Board had substantial evidence before it to support its decision. The Board was presented with numerous photographs which depicted the deplorable conditions of the interior of McMaster's home. McMaster has never contended that the conditions depicted in those pictures do not violate the health and safety regulations of the City of Akron. The trial court, therefore, did not err in affirming the Board's decision which found McMaster in violation of those regulations.
 {¶ 18} McMaster's third assignment of error lacks merit. *Page 9 
 III. {¶ l9} McMaster's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 10 
Carr, P. J. Moore, J., concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] This Court's holding is limited to the facts of this matter. Consequently, our holding should not be construed as an absolute bar to the use of the exclusionary rule in housing appeals or similar administrative matters. *Page 1