DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Jeffrey and Esther Smith built a second story addition onto their partially below grade outbuilding. Because the building was already a nonconforming structure, the Coventry Township Board of Zoning Appeals denied their request for a variance and directed them to remove the addition. The Smiths appealed, but the common pleas court affirmed the Board's decision and ordered them to remove the addition. This Court affirms because, even though the Board *Page 2 
did not produce a verbatim transcript of its hearing, the Smiths have not identified any relevant facts that are not in the record, and because the court's decision was supported by a preponderance of reliable, probative, and substantial evidence.
 FACTS {¶ 2} The Smiths own lake-front property in a residentially-zoned area of Coventry Township. Their property has no house on it, only a partially below grade outbuilding. Children sometimes play near the building and use it as a clubhouse. The building used to have a gable-type roof on it, but the current roof is flat. Because the ground abuts part of the roof, children can walk directly from the ground onto the roof.
 {¶ 3} To prevent children from going onto the roof and to create additional space for boating supplies, the Smiths decided to build a second story and make other improvements to the building. Because the building is a nonconforming use, they had to obtain a variance from the Board of Zoning Appeals before they could build the addition. While waiting for a hearing on their application, the Smiths built the addition because they were concerned that their building materials would deteriorate. Although the addition allegedly does not exceed the height of the old gable-type roof, the Board denied the Smiths' application and directed them to remove the addition.
 {¶ 4} The Smiths appealed the Board's decision to the common pleas court. The township filed a separate complaint, requesting the court to declare the *Page 3 
addition a nuisance and order it removed. The two cases were consolidated, and the court affirmed the Board's decision. The court subsequently granted the township's request for declaratory relief. The Smiths have appealed the court's decisions, assigning four errors regarding their administrative appeal.
 STANDARD OF REVIEW {¶ 5} Under Section 2506.04 of the Ohio Revised Code, a common pleas court reviews a board of zoning appeals' decision to determine if it is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." A common pleas court's decision is appealable to an appellate court on "questions of law." R.C. 2506.04. "An appeal to the court of appeals, pursuant to R.C. 2506.04, is more limited in scope and requires [the appellate court] to affirm the common pleas court, unless [it] finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." Kisil v. City of Sandusky,12 Ohio St. 3d 30, 34 (1984). That "does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Henley v.Youngstown Bd. of Zoning Appeals, 90 Ohio St. 3d 142, 147 (2000) (quoting Kisil, 12 Ohio St. at 34 n. 4). *Page 4 
 WRITTEN ADMINISTRATIVE DECISION {¶ 6} The Smiths' first assignment of error is that the common pleas court lacked jurisdiction to issue its judgment because the Board never issued a written final decision. Section 2506.01(A) of the Ohio Revised Code provides that "every final order, adjudication, or decision of any . . . board . . . may be reviewed by the court of common pleas. . . ." Section 2506.01(C) defines "final order, adjudication, or decision" as "an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships. . . ." The Board "has the duty of reducing its rulings to writing before they may become effectiveState ex rel. Hanley v. Roberts, 17 Ohio St. 3d 1, 4 (1985) (quotingGrimes v. Cleveland, 17 Ohio Misc. 193, 195-96 (C. P. 1969)).
 {¶ 7} The Smiths' argument fails because the Board provided the court with a written copy of its minutes. "The form of written entry of a decision of an administrative board should be the written minutes of its meeting at which the decision was rendered." Roberts,17 Ohio St. 3d at 4-5 (quoting Grimes, 17 Ohio Misc. at 195-96). The Board journalized its minutes and included a written copy in the record on appeal. The court, therefore, had jurisdiction to consider the Smiths' appeal under Section2506.01. Their first assignment of error is overruled. *Page 5 
 ADMINISTRATIVE RECORD {¶ 8} The Smiths' second assignment of error is that the common pleas court should have struck the Board's incomplete administrative record and granted them default judgment. Under Section 2506.02 of the Ohio Revised Code, the Board had 40 days to "prepare and file . . . a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing [its] final order, adjudication, or decision." The Smiths have argued that the Board violated Section 2506.02 because it failed to produce a verbatim transcript of its meeting, prepared by an official court reporter, and because many of the pictures and diagrams that it photocopied for inclusion in the record were too dark.
 {¶ 9} The Smiths' arguments fail because they did not pursue their available remedies. Specifically, they could have moved to compel the Board to produce a complete transcript under Section 2505.44. Grant v.Washington Twp., 1 Ohio App. 2d 84, 86 (1963). They also could have moved to submit additional evidence under Section 2506.03(A). Bussey v.Portsmouth Metro. Hous. Auth, 4th Dist. No. 92 CA 2059, 1993 WL 524969
at *7 (Nov. 30, 1993) ("remedy for an inadequate transcript is to file a R.C. 2506.03(A) motion requesting the court to hear additional evidence."). Because the Smiths failed to pursue either of those remedies, their second assignment of error is overruled. *Page 6 
 ADDITIONAL EVIDENCE {¶ 10} The Smiths' third assignment of error is that the common pleas court should have held a hearing to receive additional evidence under Section 2506.03(A) of the Ohio Revised Code. In reviewing an appeal under chapter 2506, the court "is confined to the transcript of the administrative body, unless one of the conditions specified in R.C.2506.03 appears on the face of the transcript or by affidavit."Dvorak v. Mun. Civil Serv. Comm'n, 46 Ohio St. 2d 99, paragraph one of the syllabus (1976). If one of those conditions exists, "the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party." R.C. 2506.03(B). "[If] an affidavit is filed pursuant to R.C. 2506.03, . . . the reviewing court must consider its content in its disposition of the case." Dvorak, 46 Ohio St. 2d at paragraph two of the syllabus.
 {¶ 11} The court explained that it did not receive additional evidence because the Smiths "never filed the requisite Affidavit seeking to introduce additional evidence and/or other motion seeking to introduce additional evidence." Its explanation is supported by the record. Although the Smiths filed a "motion to strike record and default," they did not file an affidavit or move to submit additional evidence under Section 2506.03. See also McMaster v. Akron Hous. Appeals Bd, 9th Dist. No. 23734, 2008-Ohio-661, at ¶ 5 (noting that a motion to supplement the record is required under Summit County Court of Common Pleas Loc. R. 19.04). Furthermore, the Smiths failed "to proffer the additional evidence *Page 7 
that they would have introduced before the common pleas court had they been permitted to do so, or to even suggest what that evidence would have been." Structural Sales Corp. v. Boston Hts. City Council, 9th Dist. No. 19020, 1999 WL 11264 at *5 (Jan. 13, 1999). The Smiths, therefore, have not shown "that they were prejudiced by the common pleas court's refusal to permit them to introduce additional evidence."Id. Their third assignment of error is overruled.
 DENIAL OF VARIANCE {¶ 12} The Smiths' fourth assignment of error is that the common pleas court should have overturned the Board's decision because they were entitled to a variance in order to avoid practical difficulties or unnecessary hardship. They have argued that their application was for an area variance because there was no change in the actual use of their property, only the size of the building.
 {¶ 13} Although the court determined that the Smiths' application was for a use variance, it also analyzed their application under the standard for an area variance. The standard for obtaining an area variance is less rigorous than the standard for use variances. Kisil v.City of Sandusky, 12 Ohio St. 3d 30, syllabus (1984). "An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties."Id.
 The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the *Page 8 
essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; [and] (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance.
Duncan v. Middlefield, 23 Ohio St. 3d 83, syllabus (1986).
 {¶ 14} The common pleas court concluded that the denial of the variance did not deprive the Smiths of all beneficial use of their property. They presented no evidence that they could no longer use the building to store boating supplies or as a children's clubhouse. The court concluded that the variance was substantial because it increased the existing non-conforming use of the property. It also noted that, because the building is used exclusively for boat storage and a "party house" for children, adjoining residential properties would suffer a substantial detriment if the non-conforming use were allowed to increase in size. The court further concluded that the Smiths were not in a "predicament" because they could continue using the existing building for their activities without the addition. Finally, the court noted that the Smiths' need for a variance was self-imposed and that granting the variance would violate the spirit and intent behind the township's zoning resolution.
 {¶ 15} Even assuming that their application was for an area variance, the Smiths have not attempted to show that they suffer from practical difficulties *Page 9 
under the factors listed in Duncan. Instead, they have merely argued that the addition was needed to make their property "safe and clean." Although they have argued that the second level is no higher than the old gable-type roof, they did not present any evidence that the addition has the same dimensions as the old roof or that they would be entitled to rebuild it. If property owners voluntarily discontinue a nonconforming use for a period of two years, they lose their right to it. Bd of Trs. of Columbia Twp. v. Albertson, 9th Dist. No. 01CA007785,2001 WL 1240135 at *3 (Oct. 17, 2001) (citing R.C. 519.19). It is unclear from the record how long ago the gable-type roof was removed and under what circumstances.
 {¶ 16} The Smiths also have not established that building the addition is the only way to keep children off the top of the building. In particular, they have not shown that they were unable to maintain the old gable-type roof. Accordingly, the common pleas court's decision was not contrary to law. The Smiths' fourth assignment of error is overruled.
 CONCLUSION {¶ 17} The common pleas court had jurisdiction to consider the Smiths' administrative appeal and had an adequate record on which to base its decision. Because the Smiths did not comply with Section 2506.03(A), the court did not have to hold a hearing to receive additional evidence. Finally, because the Smiths failed to establish practical difficulties, the court's decision was not contrary to *Page 10 
law. The Smiths' assignments of error are overruled, and the judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
 Slaby, P. J., Moore, J., Concur. *Page 1