[Cite as *Ney v. Schley*, 2021-Ohio-1848.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| JOHN NEY | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2020-0049 |
| MATTHEW SCHLEY, PLANNING & | : |  |
| ZONING ADMINISTRATOR, ET AL | : |  |
|  | : | OPINION |
| Defendants-Appellees |  |  |


CHARACTER OF PROCEEDING:        Civil appeal from the Muskingum County
                                Court of Common Pleas, Case No. CF-
                                2020-0070

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         May 27, 2021

APPEARANCES:

For Plaintiff-Appellant              For Defendants-Appellees Schley & BZA

CARTER BROWN                         DAVID J. TARBERT
59 North Fourth Street               Zanesville City Law Director
Box 488                              401 Market Street
Zanesville, OH 43702                 Zanesville, OH 43701

For: Appellee Cairn Recovery Holdings, LLC

MILES FRIES
320 Main Street
Box 190
Zanesville, OH  44702

*Gwin, J.,*

{¶1} Appellant John Ney ("Ney") appeals the September 18, 2020 judgment entry of the Muskingum County Court of Common Pleas. The trial court affirmed the decision of appellee the City of Zanesville Board of Zoning Appeals ("BZA") approving a special use permit with conditions. Appellee Matthew Schley ("Schley") is the Community Development Director for the City of Zanesville and the Executive Secretary of the BZA.

*Facts & Procedural History*

{¶2} On November 12, 2019, Jarrett Barnhouse, on behalf of appellee Cairn Recovery Resources, LLC and Lifebridge Ohio, filed an application with the BZA seeking a special use permit for the facility located at 216 Hazlett Court in Zanesville, Ohio. The applicant sought to establish a managed residence or group home where non-violent drug offenders would undergo a six-month outpatient program of rehabilitation. In compliance with Zanesville zoning ordinances, a staff review of the application was performed by BZA staff.

{¶3} After proper notice was issued, the application came before the BZA for hearing on February 13, 2020. At the beginning of the hearing, the BZA chairperson, Mr. Pat O'Brien ("O'Brien") stated, "[t]he Board welcomes, values, and appreciates the various opinions and comments from members of the public; however, to ensure the meetings are respectful, peaceful, and orderly, it is necessary to establish rules to prevent disruption and allow the City's business to be accomplished." He continued, "anyone who would like to speak will have three – will have three minutes, and if additional time is needed, it will be voted on in three-minute increments at that time." O'Brien also stated

that testimony would be limited to the issues concerning whether the application should be granted under the City of Zanesville zoning ordinances.

{¶4} Counsel for the applicant presented the application and argued in favor of the special use permit. Several individuals spoke in favor of the application, and numerous individuals spoke against the application.

{¶5} Appellant testified at the hearing. He stated, "most of the property is in what's called a PUD, a planned unit development. Okay? Its intended use is not corporate gain. It's supposed to provide special amenities and benefits to the community * * *." Ney stated he believed the residents would get no benefit from the proposed use. Ney questioned whether the applicant submitted a site plan and met all the appropriate design elements, citing R.C. 1155.04(A) and 1155.04(C). Ney described his opinion of what the design and goals of the planned use community are. At the conclusion of his testimony, Ney stated, "any questions? I talked for hours on this so I know it's getting late. But, yes, planned use development. And I'm sure that there will be appeals to this, either side who wins, probably by way of Section 2506.01 appeal and/or Section 713.13, injunctive relief." Ney then concluded his presentation.

{¶6} At the conclusion of the hearing, the BZA approved the special use permit, with conditions, in a three to two vote. Schley memorialized the approval in a written document and adopted the findings contained in the staff report. He listed the conditions of the special permit as follows: (1) the facility shall not be utilized for the housing of persons on transitional control, nor who are otherwise under detention as defined by R.C. 2921.01; (2) no violent offenders or sex offenders shall be permitted to enter the program

and/or be housed at this location; and (3) the failure to comply with conditions (1) and (2) will result in the termination of the granted special use permit.

{¶7} On February 26, 2020, appellant filed an administrative appeal to the Muskingum County Court of Common Pleas. Quadran LLC also filed an administrative appeal to the Muskingum County Court of Common Pleas on March 3, 2020. The complaint states that Quadran is a "private limited liability company who owns property in the Historic Overlay of the Putnam neighborhood in the City of Zanesville." Both plaintiffs named two defendants: Schley, in his capacity as the City of Zanesville Planning and Zoning Administrator, and the BZA. The trial court consolidated the two cases.

{¶8} Quadran filed a motion for hearing for the submission of additional evidence on April 9, 2020. Quadran asserted it was not permitted to submit all of its evidence to the BZA, and those speaking in person were improperly limited in their testimony. Quadran did not attach an affidavit to its motion. The BZA and Cairn filed separate memorandums in opposition to the motion. Quadran filed a reply brief, and attached to the reply brief the affidavit of John Litle ("Litle").

{¶9} Litle avers as follows: he was personally present for the February 13, 2020 hearing, he personally witnessed the instructions given by the BZA and Schley, he personally witnessed the testimony given at the hearing, he personally witnessed the BZA state it would not take into consideration written evidence that was not presented in person at the hearing, he was personally aware of written evidence that was not presented in person at the hearing, he personally spoke with members of the community (and other interested persons) who stated that they chose not to testify before the Board as they believed their testimony would be "cut off," "denied," or "ignored," he was

personally aware of additional evidence that was not presented to the BZA as a result of the BZA's procedures/rules, he was personally present when the BZA instructed participants that it would not weigh the credibility of the applicant's claims made in the application related to land use, he was personally present when the BZA accepted without question the claims of applicant and disregarded the concerns of the public opposing the application, and he was personally present when the Board stated it would not consider information from community members related to how they arrived at their opinion on the application.

{¶10} On June 19, 2020, Ney moved to join Quadran's motion for submission of additional evidence. Ney did not submit his own affidavit, but stated in the body of his motion that he "agreed" with Litle's affidavit, and incorporated it by reference.

{¶11} Appellees filed a motion to strike the affidavit of Litle on June 23, 2020. The trial court did not rule on the motion.

{¶12} Quadran filed a motion for temporary restraining order and preliminary injunction, asking the trial court to require Cairn to immediately stop all construction and/or modifications on the building.

{¶13} The trial court issued a judgment entry on September 18, 2020. The trial court denied Quadran's motion for temporary restraining order and preliminary injunction. The trial court further ruled that, "following a review of the pleadings and transcripts, the Court finds there was no 'chilling effect' by the actions of the Board of Zoning Appeals. A full hearing was held and all proper evidence considered. Therefore, the decision of the Board of Zoning Appeals is affirmed."

{¶14} Appellant appeals the September 18, 2020 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶15} "I. THE TRIAL COURT'S DECISION TO NOT HOLD AN EVIDENTIARY HEARING WAS IN ERROR.

{¶16} "II. THE TRIAL COURT'S SEPTEMBER 18, 2020 ORDER AFFIRMING THE DECISION OF THE ZANESVILLE BOARD OF ZONING APPEALS WAS IN ERROR."

### R.C. 2506 Appeals

{¶17} R.C. 2506.04 sets forth the applicable standard of review for a court of common pleas in an administrative appeal.  It provides as follows:

> * * * [T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.  Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code.

{¶18}  The Ohio Supreme Court has distinguished the standard of review for the common pleas court and appellate court in Chapter 2506 administrative appeals.  *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 735 N.E.2d 433 (2000).  The

common pleas court considers the "whole record," including any new or additional evidence admitted pursuant to R.C. 2506.03. *Id.*

{¶19} As an appellate court, our standard of review in a R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 465 N.E.2d 848 (1984). "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable, and probative evidence' as is granted to the common pleas court." *Id.*

{¶20} Ultimately, the standard of review for appellate courts in a Section 2506 zoning appeal is whether the common pleas court abused its discretion in making its determination pursuant to R.C. 2506.04. *Weber v. Troy Twp. Bd. of Zoning Appeals*, 5th Dist. Delaware No. 07 CAH 04 0017, 2008-Ohio-1163. These standards permit reversal only when the common pleas court errs in its application or interpretation of the law or its decision is unsupported by a preponderance of the evidence as a matter of law. *Cleveland Clinic Foundation v. Cleveland Bd. of Zoning Appeals*, 141 Ohio St.3d 318, 2014-Ohio-4809, 23 N.E.3d 1161.

I.

{¶21} In his first assignment of error, appellant contends the trial court committed error in not holding a hearing for the submission of additional evidence. We review the trial court's decision to allow or deny the introduction of additional evidence pursuant to R.C. 2506.03 under an abuse of discretion standard. *Cooper State Bank v. City of Columbus*, 10th Dist. Franklin Nos. 14AP-414, 14AP-415, 2015-Ohio-2533.

{¶22} In reviewing an appeal under R.C. 2506, the common pleas court is "confined to the transcript of the administrative body, unless one of the conditions specified in R.C. 2506.03 appears on the face of the transcript or by affidavit." *Dvorak v. Mun. Civil Serv. Comm.*, 46 Ohio St.2d 99, 346 N.E.2d 157 (1976). The conditions in R.C. 2506.03(A) at issue in this case are as follows: (1) the transcript does not contain a report of all evidence admitted or proferred by the appellant; (2) the appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following: (a) present the appellant's position, arguments, and contentions; (b) offer and examine witnesses and present evidence in support; * * * or (e) proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

*R.C. 2506.03(A)(2)(a)*

{¶23} Appellant first argues he was entitled to a hearing to submit additional evidence because he was not permitted to present his position and arguments. Specifically, appellant contends R.C. 2506.03(A)(2)(a) is applicable in this case because has was limited to three minutes at the hearing, and three minutes did not allow him to be heard on the complicated issue of planned unit development.

{¶24} We disagree. At the beginning of the hearing, O'Brien stated that anyone who would like to speak would have three minutes. He further stated, "if additional time is needed, it will be voted on in three-minute increments at that time." Ney testified at the hearing, specifically stating he believed the residents would get no benefit from the proposed use and questioning whether the applicant submitted a site plan in accordance

with Zoning Code 1155.04 (planned use development). At the conclusion of his testimony, he asked the BZA if they had any questions, and completed his presentation.

{¶25} Appellant spoke for approximately one minute and thirty seconds. He discussed planned use development, but did not take up his entire three-minute allotment. He did not inform the BZA that the planned use development issue was "complicated," or that it required further explanation from him or other witnesses. Though O'Brien made it clear that appellant could have requested additional time and the Board would vote on such a request, appellant never requested any additional time and never sought to supplement his presentation to the BZA. *Ardire v. Westlake City Council*, 8th Dist. Cuyahoga No. 99347, 2013-Ohio-3533. Accordingly, we find the trial court did not commit error in finding appellant was not entitled to a hearing pursuant to R.C. 2506.03(A)(2)(a).

*R.C. 2506.03(A)(2)(e) & R.C. 2506.03(A)(1)*

{¶26} Appellant next argues he was entitled to submit additional evidence pursuant to R.C. 2506.03(A)(2)(e) because he was not permitted to proffer evidence into the record when the admission of such evidence was denied by the BZA. Specifically, appellant contends the following statement by O'Brien demonstrates that the letters submitted to the BZA were not taken into consideration when it made its decision: "in order for evidence to be considered in the decision-making process, it can only be given by people who are in attendance; otherwise, it will be hearsay." Appellant contends there were letters in opposition to the application that were not considered by the BZA in its decision-making because of O'Brien's statement.

{¶27} We first note that none of the letters appellant cites as being denied consideration by the BZA were letters that appellant attempted to introduce. R.C.

2506.03(A)(2)(e) specifically states the trial court should allow additional evidence when "the appellant was not permitted * * * to proffer evidence." Appellant did not attempt to proffer any evidence in this case and failed to state through a proffer what other evidence or testimony it would have presented to the trial court that he was allegedly denied the opportunity to present. "The purpose of a proffer is to assist the reviewing court in determining whether the trial court's exclusion of evidence affected the defendant's substantial rights." *State v. Conkle*, 2nd Dist. Montgomery No. 24161, 2012-Ohio-1772.

{¶28} All of the letters submitted were included in a packet provided to each BZA member prior to the hearing. The letters in the packet included some letters from individuals who spoke at the hearing (Steven Carrell, Lori Wince, John Litle, Joseph Nezbeth, Rick Buck, Nicole Dickerson, Dale Swartzmiller), and included some letters from individuals who did not speak at the hearing (Brent Stubbins, Jan Bradshaw, Jennifer Estep, Ron Kelso, John Leeber, Samantha Crawford, Chris Gookin, Dan Quinn). The sign-in sheets show that Chris Gookin, Dan Quinn, and Samantha Crawford attended the hearing.

{¶29} Despite O'Brien's statement, there was no prejudice to appellant, because there was no rejection of any of the submitted letters. All of the letters were included as part of the BZA packet provided to each member prior to the hearing. There is no indication the BZA members did not review these letters. At least one of the board members spoke to a testifying witness about the letter she submitted, and another board member spoke about the contents of another letter.

{¶30} The additional evidence proposed by appellant was available from the record because all of the letters, both from those individuals who were present at the

hearing and from those who were not present at the hearing, were in the packet the BZA members had prior to the hearing. The record shows that all testimony and exhibits offered were accepted and considered by the BZA. No additional submission of evidence before the common pleas court was necessary because all of the letters, including letters from individuals not present at the hearing, were contained in the record the BZA provided to the trial court for it to consider in making its decision. *Ingram v. Bexley*, 10th Dist. Franklin No. 14AP-627, 2015-Ohio-1011.

{¶31} Accordingly, we find the trial court did not abuse its discretion in finding appellant was not entitled to a hearing pursuant to R.C. 2506.03(A)(2)(e).

{¶32} Similarly, appellant contends he was entitled to a hearing to present additional evidence pursuant to R.C. 2506.03(A)(1) because the "transcript does not contain a report of all evidence admitted or proffered by the appellant." As detailed above, appellant did not proffer any evidence. Further, the transcript provided to both the trial court and this Court contained all of the evidence the BZA had in making its determination, including all of the letters submitted. Appellant failed to identify or present the court with any additional evidence admitted or proffered which was not included in the record of the proceedings. *Pay N Stay Rentals, LLC v. City of Canton*, 5th Dist. Stark No. 2019 CA 00148, 2020-Ohio-1573. Thus, we find the trial court did not commit error in finding appellant was not entitled to a hearing pursuant to R.C. 2506.03(A)(1).

*R.C. 2506.03(A)(2)(b)*

{¶33} Appellant argues the trial court abused its discretion in denying his motion for hearing to submit additional evidence because he was not permitted to offer and present all of his evidence in support of his position pursuant to R.C. 2506.03(A)(2)(b).

Appellant specifically contends that due to misleading preliminary instructions by the BZA, he was not able to present all of his intended evidence.  Appellant cites the statements by Schley that the BZA should only consider testimony and evidence relating to "land use."

{¶34}  When Schley introduced the application to the Board, he stated that, "per the American Planning Association, zoning pertains only to land and the uses of that land. Zoning does not pertain to the actions of specific people or groups of people when conducting business.  As such, all decisions must be made in relation to the use and the land upon which that use is being carried out."  In closing, Schley stated, "decisions by the BZA should be based solely on the facts that pertain to land, land use, and the impact surrounding uses have on one another.  Individuals involved in this request should have no bearing on these proceedings."

{¶35}  After Schley made these statements, one of the board members asked him to clarify what he meant by his statement that individuals involved in the request have no bearing on the proceedings.  Schley referenced a training he recently attended and stated, "you can't say this person is a bad guy and so we're not going to approve this because we think you are a bad guy.  That's all I was getting at, not to take an individual and make a decision based on that individual's personality, actions, anything along those lines."  Schley clarified that anything that "pertains to the operation" of the group facility "can absolutely be considered," but the people who are operating it should not be considered.

{¶36}  Schley's comments to the BZA were based upon his recent training, and was not in relation to any limitation of appellant, or the evidence and testimony appellant

presented. Appellant does not indicate what evidence he sought to introduce in support of his testimony that did not relate to land use. When he spoke, appellant was never stopped by the Board from presenting any evidence in support of his position. Appellant failed to state through a proffer what evidence or testimony he would have presented to the trial court that he was allegedly denied the opportunity to present. See *Smith v. Conventry Twp. Zoning Dept.*, 9th Dist. Summit No. 23871, 2008-Ohio-2532.

{¶37} Appellant contends the statement in Litle's affidavit that he personally spoke with members of the community (and other interested persons) who stated that they chose not to testify before the Board as they believed their testimony would be "denied" or "ignored," and Litle's statement that he was personally present when the BZA instructed participants that it would not weigh the credibility of the applicant's claims made in the application related to land use, was sufficient to qualify for a hearing to present additional evidence.

{¶38} As discussed above, there is no indication that appellant was not permitted to offer and present all of the evidence in support of his position as is required by R.C. 2506.03(A)(2)(b). Litle states that "others," not appellant, chose not testify before the Board because of the alleged restrictions. Additionally, Litle's affidavit fails to allege that the Board did not permit him, appellant, or any of the other witnesses to offer and present all of their evidence; it simply states others "chose" not to testify. Appellant and Litle failed to identify or proffer what evidence or testimony the Board would not permit them to offer.

{¶39} We find the trial court did not commit error in finding appellant was not entitled to a hearing pursuant to R.C. 2506.03(A)(2)(b).

*Affidavit*

{¶40} Appellant contends the trial court committed error in denying his motion for hearing to take additional evidence because of the affidavit submitted by Litle.

{¶41} If an affidavit is filed pursuant to R.C. 2506.03, the trial court must consider its content in its disposition of the case. *Smith v. Coventry Twp. Zoning Dept.*, 9th Dist. Summit No. 23871, 2008-Ohio-2532. Appellees filed a motion to strike the affidavit. However, the trial court did not rule on the motion. A trial court's failure to rule on a motion is deemed to be a denial of that motion for purposes of appellate review. *Capital One Bank (USA), N.A. v. Rodgers,* 5th Dist. Muskingum No. CT2009-0049, 2010-Ohio-4421.

{¶42} In appellant's brief, he argues that because there was no indication the trial court took Litle's affidavit into consideration, the trial court committed error in denying the motion for hearing to submit additional evidence. We disagree with appellant. There is no evidence that the trial court did not consider the affidavit. Rather, the trial court specifically stated it considered all of the pleadings and transcripts in the case. The pleadings in this case included the affidavit by Litle; additionally, the transcript from the BZA included Litle's testimony and letter.

{¶43} Further, mere allegations in an affidavit of one or more of the deficiencies listed in R.C. 2506.03 does not entitle an appellant to an additional evidentiary hearing. *Green Vision Materials, Inc. v. Newbury Twp. Bd. of Zoning Appeals*, 11th Dist. Geauga No. 2013-G-3136, 2014-Ohio-4290. "The mere filing of an affidavit does not automatically quicken the statutory right nor compel the Court of Common Pleas to take additional evidence unless the record will support one of the deficiencies enumerated in the statute."

*Id.*; *Hirsi v. Franklin Co. Dept. of Job & Family Services*, 10th Dist. Franklin No. 13AP-39, 2014-Ohio-1804.

{¶44}   In this case, Litle avers in his affidavit that he was "personally aware of written evidence that was not presented in person at the hearing, he personally spoke with members of the community (and other interested persons) who stated that they chose not to testify before the Board * * * and he was personally aware of additional evidence that was not presented to the BZA."   However, Litle did not state what evidence was allegedly not presented at the hearing, did not state which witnesses allegedly did not get to testify before the Board, or what additional evidence allegedly was not presented at the hearing.

{¶45}  The affidavit did not provide any details or explanation in support of the deficiencies listed.  Moreover, as detailed above, the record does not demonstrate the existence of any of the alleged deficiencies.  Accordingly, the trial court did not abuse its discretion in denying appellant's motion for hearing to submit additional evidence. Appellant's first assignment of error is overruled.

II.

{¶46}  In his second assignment of error, appellant contends the trial court committed error in affirming the decision of the BZA because the trial court failed to review all of the pertinent evidence.  Specifically, appellant argues the trial court did not review the "whole record" before making its determination because it denied appellant's motion for hearing for the submission of additional evidence.

{¶47}  As detailed above, we find the trial court did not commit error in denying appellant's motion for hearing for the submission of additional evidence.  In its judgment

entry, the trial court specifically stated it reviewed and considered the pleadings and transcripts, and found the BZA properly held a full hearing and considered all the evidence in making its decision. Appellant's second assignment of error is overruled.

{¶48} Based on the foregoing, appellant's assignments of error are overruled.

{¶49} The September 18, 2020 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Baldwin, P.J. and

Delaney, J., concur