In re Appeal of Manning et al.; Manning et al., Appellees, v. Straka, Building and Zoning Inspector, Appellant.*

(No. 1550—Decided June 27, 1962.)

*Messrs. Christie, Hamister & Gallagher,* for appellees.
*Messrs. Lawrence & Bates,* for appellant.

*Motion to certify the record overruled (37789), January 30, 1963.

DOYLE, J. We entertain this appeal on questions of law from a judgment of the Court of Common Pleas of Lorain County, which reversed a final order of the Board of Zoning Appeals of the city of Avon Lake, Ohio, and, in doing so, held that "the zoning ordinance of the city of Avon Lake, insofar as it applies to the property in question belonging to the appellants, is unreasonable and amounts to an arbitrary interference with the rights of private property guaranteed by Sections 1 and 19, Article I of the Constitution of the state of Ohio, and Section 1 of the 14th Amendment to the Constitution of the United States of America."

George A. Manning and Sanford Campbell, the appellees herein, applied, to the zoning and building inspector of the city of Avon Lake, for a building permit and improvement location permit, for the construction of a gasoline filling station on their property located on the northeast corner of the intersection of Lake Road and Moore Road, within the territorial limits of the municipal corporation. This road intersection marked the boundary line between residentially-zoned property on Lake Road, east of Moore Road, and commercially-zoned property on Lake Road to the west of Moore Road. It is obvious that the appellees' property, located on the northeast corner of the road intersection, was zoned for residence purposes.

The application noted above was denied by the zoning and building inspector, whereupon appeal was taken by the property owners to the Board of Zoning Appeals.

Upon hearing, the Board of Zoning Appeals affirmed the ruling of the inspector, and, in doing so, made the following findings of fact:

"1. That in all respects the appeal was properly filed and brought before the board * * *.

"2. That the property upon which the * * * [property owners] desire to construct a filling station is, was at the time of the application, and has been for many years, zoned by the municipality of Avon Lake for residential use only.

"3. That said property cannot be used for commercial purposes under the restrictions of the applicable zoning ordinances.

"4. That the evidence has shown no topographical conditions which would justify the board in modifying or varying the application of the zoning code.

"5. That the evidence has shown no district border line situations that are of sufficient consequences to justify any such action by the board.

"6. That the evidence has shown no exceptional circumstances, and no exceptional practical difficulty or undue hardship upon the owners of the property, as would justify any relief being granted by the board.

"7. That the only changes in the character of the neighborhood in the vicinity of the subject property have been some new construction of residential buildings.

"8. That the property can be and has been reasonably classified for residential use purposes only.

"9. That the zoning does not deny the applicants of the use of their property, and it is conducive to the health, safety and general welfare of the community."

It appears from the record that a complete transcript of the proceedings before the Board of Zoning Appeals, as well as the board's conclusions of fact supporting its order and decision, was before the Court of Common Pleas, and the hearing was conducted in compliance with the provisions of Section 2506.03, Revised Code.

Under the provisions of Sections 2506.01 to 2506.04, inclusive, of the Revised Code, it was not the purpose of the Legislature to clothe the Common Pleas Court with original jurisdiction to weigh conflicting evidence and to determine issues of fact in the same manner as if it were hearing the case de novo, and this is especially so when the evidence is the same as that before the board of appeals. The court's function is definitely specified in Section 2506.04, Revised Code. It is given the power to "find that the order, adjudication or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record," and, consistent with its findings, one way or the other, the court "may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court."

In such an appeal to the Court of Common Pleas, the court is not vested with jurisdiction to retry the issues of fact and substitute its judgment for that of the board, when the appeal

is heard on a complete record taken of the proceedings before the Board of Zoning Appeals and upon its findings of fact.

The zoning laws involved here were a part of a comprehensive zoning plan established by the municipality years ago, and the specific property here involved had been zoned for a single-family, residential use since the year 1926.

It is a fact that the property is at the terminus of residentially-zoned property, and that across the street (Broad Street), and from there on to west, the property is zoned for business, and business there exists. However, the physical boundaries of zones must be established somewhere, and it may well be that land in a restricted residential area at substantial distance from a dividing boundary will not be damaged as much as land in the same district located adjacent to the boundary. Nevertheless, if the zoning is established in the interests of the public welfare, and the establishment of boundaries is not done arbitrarily, capriciously and unreasonably, it must be permitted to stand in order that the legislative objects of stabilizing the use and occupancy of property in different sections of a municipality may be accomplished.

In the case before us, if the use of the corner property were changed to business, it could mark the beginning of the encroachment of business into the residential zone, thereby defeating the legislative objects incorporated into the comprehensive zoning plans.

Bearing in mind the character of the district at and near the road intersection, it was the duty of the Board of Zoning Appeals to determine from the facts before it whether the health, safety, morals, and general welfare of the community, would be maintained by permitting an encroachment into the residential area of commercial or industrial establishments, or whether it would not; and also, to decide whether the public interest, the general welfare, required the maintaining of the status quo when weighed against individual personal and property rights, or whether it did not.

A majority of this court find that the decision and the findings of fact of the Board of Zoning Appeals are fully justified from the evidence, in that reasonable minds could reach different conclusions upon the issues involved; and that the Court of Common Pleas erred in reversing the order of the

board, and in its finding that the zoning ordinance, as applied to the property belonging to Manning and Campbell, ''is unreasonable and amounts to an arbitrary interference with the rights of private property,'' as guaranteed by the Constitutions of the United States and Ohio.

The judgment of the Court of Common Pleas is reversed, and the order of the Board of Zoning Appeals is affirmed.

*Judgment reversed.*

STEVENS, P. J., concurs.
HUNSICKER, J., dissents.