**RAY, Appellant,**

v.

**OHIO UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.**

[Cite as *Ray v. Ohio Unemp. Comp. Bd. of Rev.* (1993), 85 Ohio App.3d 103.]

Court of Appeals of Ohio,
Ross County.

No. 1858.

Decided Jan. 19, 1993.

---

*Joseph H. Ray II, pro se.*

*Lee Fisher,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee.

GREY, Judge.

This is an appeal from a judgment of the Common Pleas Court of Ross County. The court affirmed a finding of the Unemployment Compensation Board of Review denying benefits to Joseph H. Ray II. We reverse and remand.

Ray worked for WearEver/Proctor–Silex for approximately twenty-three years. On October 20, 1988, he was released. Following his release, he filed a grievance through the union and pursued other legal remedies challenging the discharge. The company failed to meet for arbitration on three occasions and, after the third occasion, Ray learned that the union would be disbanded and that he would no longer have representation. He also learned that the company would be sold and would no longer be in operation.

On September 19, 1990, Ray and WearEver reached an agreement which stated that the company agreed to "pay Mr. Ray the sum of $20,000 minus all legally required federal, state and local withholding and social security taxes as compensation for alleged lost back-wages." The agreement also stated:

"Information regarding the reason for Mr. Ray's termination will be removed from his personnel records at the Company and that in the event the Company is contacted by any prospective employer regarding Mr. Ray, the Company will provide only the following information: confirmation that Mr. Ray worked for the Company; last day worked; job title and salary at the time of separation."

In return, Ray agreed to request that the union withdraw the grievance and agreed not to pursue any legal action against the company. Newell Co. purchased WearEver and, on October, 22, 1990, sent Ray a check for $20,000 less

taxes and FICA. On October 30, 1990, Ray filed for unemployment compensation. At the time of filing, the examiner allegedly wrote the following on Ray's Notice of Eligibility Issue form:

"On 9–19–90, I reached an agreement with the Newell Co., Freeport, Il [*sic*] 61032–0943 who was my former employer. I received $20,000 back pay which was just a settlement which was not related to my previous wages. This money was offered and accepted by me to drop all previous greivances [*sic*] against the Newell Co. I do not know what time period this money covers, if any.

"I was separated on 9–17–88 from this company and would like to know if I am now entitled to RA benefits."

The examiner had Ray sign the document. OBES denied the claim, finding that Ray had been out of work since October 20, 1988, and had not fulfilled the base period requirement.

Ray filed for reconsideration, arguing that the money was for back wages because taxes and Social Security had been withheld and that the proper termination date should be October 19, 1990. He also noted that his retirement checks reflected October 19, 1990 as the termination date. The administrator denied the reconsideration.

Ray appealed the decision and, after taking testimony, the referee denied the appeal. Ray filed an Application to Institute Further Appeal and, prior to the meeting of the board of review, obtained a letter from Newell Co., which stated:

"Mr. Joseph H. Ray * * * was employed at WearEver in Chillicothe, Oh. Since Mr. Ray's last day at work (10/20/88), the company has paid him 30 days of sick leave ($692.38), compensation for lost back wages ($20,000), and reimbursed him for medical expenses incurred after 10/20/88. The period of time from 10/20/88 and 10/19/90, when the plant was permanently shut down, has been used by the company to compute his retirement benefit as we considered his employment termination date to be 10/19/90."

Ray presented this letter to OBES for inclusion in the record prior to review, but it was mislaid, was not transmitted to the board of review and therefore was not part of what the board considered.

The board of review affirmed the prior decision. Ray appealed to the court of common pleas. The court, noting that it could not consider the Newell Co. letter because it had not been part of the record below, affirmed the board of review. Ray, acting *pro se,* appeals.

From Ray's brief, we discern the assignments of error to be:

FIRST ASSIGNMENT OF ERROR

"The court erred in failing to consider the Newell letter."

SECOND ASSIGNMENT OF ERROR

"The Newell letter should have been part of the record below."

■ Here, there is no dispute that Ray presented the Newell Co. letter to OBES and that, inadvertently, it was not made part of the record.

■ The law in Ohio is that, when reviewing an administrative appeal, the court of common pleas is limited to the record as certified by the board of review. *Hall v. Am. Brake Shoe Co.* (1968), 13 Ohio St.2d 11, 42 O.O.2d 6, 233 N.E.2d 582; *Peters v. Riverview Publications, Inc.* (Oct. 29, 1987), Franklin App. No. 86AP–1012, unreported, 1987 WL 19187.

In its judgment entry, the court correctly stated the applicable law:

"Appellant wishes to offer for the first time a letter from his employer that the $20,000.00 was for lost back wages. Further, Appellant also offers for the first time that the October 30, 1990, statement was not written by him, although he does not dispute that he signed the statement. Ohio Revised Code Section 4141.28(O) provides that a Trial Court's Review on Appeal of a Board of Review decision is limited to the record certified by the Board of Review. Therefore, this Court may not consider any additional evidence. * * *"

Ray's first assignment of error is not well taken and is overruled. Ray's second assignment of error, however, appears to be well taken.

■ It is axiomatic that an administrative agency cannot reach an informed decision when it fails to consider *all* pertinent evidence. It is also axiomatic that an administrative agency must accept and include all relevant evidence presented by the parties. The OBES cannot erroneously prepare an incomplete record and then take advantage of an error which it has created.

There appears to be a split in authorities when an incomplete record is certified to the court. In some cases under R.C. 119.12, there has been a mandatory finding in favor of the appellant. *Luther v. Bur. of Emp. Serv.* (1984), 14 Ohio App.3d 267, 14 OBR 296, 470 N.E.2d 919, at syllabus; *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 365, 21 O.O.3d 228, 230, 423 N.E.2d 1099, 1101. In other instances, the court has found that when the failure to certify a proper record is merely erroneous and not prejudicial to the appellant, there is no error. *Arlow v. Ohio Rehab. Serv. Comm.* (1986), 24 Ohio St.3d 153, 24 OBR 371, 493 N.E.2d 1337. There is also authority warranting a trial *de novo* under R.C. 2506.02.

■ In an appeal pursuant to R.C. Chapter 2506, where a transcript of administrative hearings is filed which contains gaps and omissions, the judgment of the court of common pleas, predicated thereon, will not be disturbed unless the

complaining parties can demonstrate that there is a reasonable likelihood that the outcome would have been different had they been permitted to introduce additional evidence. *Franklin Twp. v. Marble Cliff* (1982), 4 Ohio App.3d 213, 4 OBR 318, 447 N.E.2d 765.

■ Where, in an appeal to the court of common pleas from an administrative agency of a local political subdivision, the transcript of the proceeding furnished the court by the agency does not contain all the evidence submitted to it on the trial of the issues before the agency, and when such transcript does not contain the conclusions of fact supporting the decision appealed to the court, the court is required to hear such additional evidence as may be introduced by either party in the proceeding on appeal. *Fleischmann v. Medina Supply Co.* (1960), 111 Ohio App. 449, 15 O.O.2d 98, 173 N.E.2d 168.

Where an appeal is taken to the court of common pleas under R.C. Chapter 2506, the hearing is confined to the transcript of the administrative body, unless one of the conditions specified in R.C. 2606.03 appears on the face of the transcript or by affidavit. *Dvorak v. Athens Mun. Civ. Serv. Comm.* (1976), 46 Ohio St.2d 99, 75 O.O.2d 165, 346 N.E.2d 157. See, also, *Manning v. Straka* (1962), 117 Ohio App. 55, 23 O.O.2d 15, 189 N.E.2d 651.

■ An administrative agency errs when it reaches a decision without having considered all relevant evidence. A reviewing court cannot possibly review a decision of an administrative agency when vital information is not in the file. Thus, the legislature has adopted the rule of automatic reversal for failure to certify a complete record. In this case, however, we have kind of a circuitous problem because, as noted in our discussion of Ray's first assignment of error, the record was technically complete at least to the extent that the statutory sanction of reversal was not warranted.

We hold that when an administrative agency certifies a record to the court of common pleas, and it appears that the decision was reached without consideration of evidence submitted to it but not included in the record, and that evidence may reasonably affect the decision of the agency, the court must remand the matter to the agency to permit it to carry out its role as the finder of fact. Ray's second assignment of error is well taken and is sustained.

The judgment of the trial court is reversed and, pursuant to App.R. 12(B), this matter is remanded to OBES Board of Review for further proceedings.

*Judgment reversed*
*and cause remanded.*

Peter B. Abele, J., concurs.

Harsha, J., concurs in judgment only.

Harsha, Judge, concurring.

I concur in judgment. Clearly the decision of the board of review is unreasonable since it did not consider evidence which had been presented to OBES in a timely manner. While the trial court is limited to the certified record on appeal, I concur that it was an abuse of discretion not to initially remand the matter to the board of review for a decision on all the evidence timely presented by appellant to OBES.