OPINION
{¶ 1} Appellant, Richard Snee, owns a landscaping business known as Earth'n Wood in Jackson Township, Ohio. The northern part of the business is adjacent to Waywood Street. On August 6, 2002, the Jackson Township Zoning Administrator issued a stop order notice to appellant for a sign violation, namely, having a "40 ft. semi trailer parked adjacent to Waywood St. for the sole purpose of advertising." The regulation at issue is Jackson Township Zoning Regulation Article V, Chapter 501, Section 501.6(C).
 {¶ 2} Appellant appealed to appellee, the Jackson Township Board of Zoning Appeals. By decision dated September 26, 2002, appellee denied the appeal.
 {¶ 3} On October 15, 2002, appellant appealed to the Court of Common Pleas for Stark County, Ohio. By judgment entry filed February 7, 2003, the trial court affirmed appellee's decision.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE DECISION OF THE TRIAL COURT, AS A MATTER OF LAW, IS NOT SUPPORTED BY A PREPONDERANCE OF RELIABLE, PROBATIVE AND SUBSTANTIVE EVIDENCE."
 I {¶ 6} Appellant claims the trial court erred in finding appellee's decision was supported by reliable, probative and substantive evidence.
 {¶ 7} In its judgment entry of February 7, 2003, the trial court found appellee's decision was supported by the evidence, and also found the signage regulation was constitutional. We will address the constitutional issue as it is determinative of this appeal.
 {¶ 8} By motion filed November 19, 2002, appellant requested a "de novo" hearing, citing among many reasons the constitutionality of the zoning regulation based upon "no objective criteria/standards for determination of what is or is not prohibited vis-a-vis signage on truck trailers." By judgment entry filed February 7, 2003, the trial court, citing R.C. 2506.03, found no reason for de novo review, found no evidence in the transcript to support a constitutional challenge to the regulation, and further found it lacked jurisdiction to rule on "the constitutional issue of selective enforcement" and therefore dismissed the appeal on the issue without prejudice.
 {¶ 9} Presumably, this decision on jurisdiction is premised on a deficiency in the record from the administrative review. We find this premise to be without merit. The issue of constitutionality has long been held not to be within the scope of a zoning appeals board because same is not competent to consider the issue. It is illogical to believe a legislative body would find its own legislation unconstitutional. The original jurisdiction to test constitutionality lies in judicial review:
 {¶ 10} "As we have indicated, the Board was without authority, nor was it competent, to evaluate the constitutional question. Therefore, the court could not test the Board's conclusions against the evidence presented to it. Although ordinarily judicial review pursuant to Chapter 2506 does not provide for a trial de novo, Schoell v. Sheboy (Cuyahoga, 1973), 34 Ohio App.2d 168; Manning v. Straka (Lorain, 1962),117 Ohio App. 55, the issue of the constitutionality of zoning restrictions must be tried originally in the Court of Common Pleas. The court is not reviewing the decision of the Board, but rather is testing the ordinances of the governmental body against the State and Federal constitutions. The issue is presented in the same manner before the court whether raised by administrative appeal or declaratory judgment." SMC,Inc. v. Laudi (1975), 44 Ohio App.2d 325, 330.
 {¶ 11} Based upon this long established precedent, we find the trial court's generalized conclusion and claim of lack of jurisdiction to be in error.
 {¶ 12} The matter is remanded to the trial court for a de novo hearing on the issues of selective enforcement and vagueness.
 {¶ 13} The sole assignment of error is granted as it applies to the constitutional issue as such is a predicate decision to the administrative review of the transcript. Any review by this court on the sufficiency of the evidence vis-a-vis the language of the zoning regulation would be premature.
 {¶ 14} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, J., and Boggins, J. concur.