OPINION
{¶ 1} Appellant-appellant, Immke Circle Leasing, Inc. ("Immke"), appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of the Ohio Motor Vehicle Dealers Board ("board"), that revoked Immke's new motor vehicle dealer's license. For the following reasons, we affirm that judgment.
 {¶ 2} Immke is a corporation licensed to sell new motor vehicles in Ohio. After an investigation conducted by the Ohio Department of Public Safety, Bureau of Motor Vehicles, the board delivered a Notice of Opportunity for Hearing ("Notice") to Immke dated June 4, 2004. The Notice alleged that Immke sold new motor vehicles in violation of R.C. 4517.02(A)(1), 4517.04, and4517.20(A)(1).[1] The Notice advised Immke that it could request a formal hearing to determine whether or not its license should be suspended or revoked due to the violations. The Notice further advised Immke that a request for a hearing must be received by the board within 30 days. Immke's manager requested a hearing in a letter dated June 9, 2004. The Ohio Department of Public Safety received the letter on June 15, 2004. The board did not receive the letter until June 18, 2004. By letter dated June 22, 2004, the board scheduled a hearing on the matter for June 28, 2004. In the same letter, however, the board continued the hearing until a later date.
 {¶ 3} By letter dated March 4, 2005, the board informed Immke of an April 7, 2005 hearing date. At that hearing, Immke did not contest the factual basis for the alleged violations. Instead, it presented mitigation evidence to explain the circumstances of the violations. On April 25, 2005, the board issued an Amended Adjudication Order finding that Immke sold new motor vehicles in violation of R.C. 4517.02(A)(1), 4517.04, and 4517.20(A)(1). As a result, the board revoked Immke's new motor vehicle dealer's license. Immke appealed to the Franklin County Court of Common Pleas, which affirmed the board's order.
 {¶ 4} Immke appeals to this court and assigns the following errors:
I. The trial court erred in determining the Appellees' decision to revoke Immke's new motor vehicle license was in accordance with law.
II. The trial court abused its discretion in finding Appellees' Amended Adjudication of April 25, 2005 is not barred by the doctrine of laches.
 {¶ 5} Immke appeals pursuant to R.C. 119.12. In such an administrative appeal, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. Huffman v.Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist.Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination as to whether the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Medical Bd. (1992),80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 343.
 {¶ 6} In its first assignment of error, Immke contends the board did not comply with R.C. 119.07 when it scheduled the initial hearing date more than 15 days after Immke requested a hearing. Immke argues that it requested a hearing on June 9, 2004, the date that appears on the face of its letter requesting a hearing. Because the board did not schedule a hearing until June 28, 2004, more than 15 days from June 9, 2004, Immke argues the board did not comply with R.C. 119.07 and, therefore, lost subject-matter jurisdiction over the matter. We disagree.
 {¶ 7} R.C. 119.07 provides, in pertinent part:
Whenever a party requests a hearing in accordance with this section and section 119.06 of the Revised Code, the agency shall immediately set the date, time, and place for the hearing and forthwith notify the party thereof. The date set for the hearingshall be within fifteen days, but not earlier than seven days,after the party has requested a hearing, unless otherwise agreed to by both the agency and the party.
(Emphasis added).
 {¶ 8} The statue requires an agency to schedule a hearing within 15 days, but not less than seven days, "after the party has requested a hearing." A party timely requests a hearing for purposes of R.C. 119.07 if the agency receives the request for hearing within 30 days of the mailing of the notice. See Chirilav. Ohio State Chiropractic Bd. (2001), 145 Ohio App.3d 589, 595;Blackburn Sec., Inc. v. Ohio Dept. of Commerce (May 24, 1993), Montgomery App. No. 13660; Alcover v. Ohio State Med. Bd. (Dec. 10, 1987), Cuyahoga App. No. 54292. A party may not simply place the request in the mail within 30 days of the notice. Hsueh v.Ohio State Med. Bd. (Oct. 17, 1989), Franklin App. No. 88AP-276. The receipt of the request, not the mailing of the request, is the date that determines whether a party makes a timely and effective request for hearing.
 {¶ 9} Accordingly, a party does not effectively request a hearing pursuant to R.C. 119.07 until the agency timely receives the request. The agency must then schedule a hearing within 15 days after the receipt of a timely request for a hearing. SeePlotnick v. Ohio State Med. Bd. (Sept. 27, 1984), Franklin App. No. 84AP-225 (hearing scheduled 15 days after receipt satisfies statute); In re Barnes (1986), 31 Ohio App.3d 201, 202 (hearing scheduled 14 days after receipt of request); Kizer v. McCullion
(Dec. 9, 1991), Richland App. No. CA-2867 (hearing scheduled 19 days after receipt of request did not comply with statute).
 {¶ 10} In this case, the board scheduled an initial hearing for June 28, 2004. This date is within 15 days of the board's receipt of Immke's timely request for a hearing. Thus, the board complied with the 15-day requirement in R.C. 119.07. Moreover, this conclusion is consistent with common sense given that an agency cannot schedule a hearing until it receives notice that a hearing has been requested.
 {¶ 11} Immke also argues in its first assignment of error that the trial court erred by finding that Immke waived its right to object to the board's failure to hold a timely hearing by not raising the issue before the board. Because we have determined that the board complied with R.C. 119.07 when it scheduled a hearing within 15 days of the receipt of Immke's request, this argument is moot.
 {¶ 12} Next, Immke argues that the board breached its duty by continuing the hearing beyond a reasonable period of time and without regard for its rights and interests. We disagree.
 {¶ 13} It is the duty of an administrative agency to hear matters pending before it without unreasonable delay and with due regard to the rights and interests of the litigants. GourmetBeverage Center, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 01AP1-217, 2002-Ohio-3338, at ¶ 25 (duty part of due process claim); State ex rel. Columbus Gas Fuel Co. v. Pub.Utilities Comm. (1930), 122 Ohio St. 473, 475. In some instances, courts have held long delays to be unlawful when the delay is completely unexplained. For example, in In re MiltonHardware Co. (1969), 19 Ohio App.2d 157, the court found a two-year unexplained delay to be unreasonable. See, also, YellowCab Leasing, Inc. v. Ohio Motor Vehicles Dealers Bd., Stark App. No. 2002CA00105, 2002-Ohio-5296 (562-day delay violates due process).
 {¶ 14} In this case, the board initially set the matter for a hearing on June 28, 2004. That hearing was continued until April 7, 2005, a delay of 283 days. We find that there is nothing per se unreasonable about a 283-day delay. This delay is far less than the delays deemed unreasonable in Milton Hardware andYellow Cab. See, also, In re Christian Home for the Aged,Inc. (Aug. 4, 1988), Franklin App. No. 88AP-242 (153-day delay not a violation of due process). Additionally, the delay is explained, at least in part. Immke did not raise this issue at its hearing and therefore there is no testimony regarding the reasons for the delay. However, the board notes in its brief the voluminous nature of the charges in this case and the sporadic nature of the board's meetings. These reasons do explain, at least in part, the delay in this case.
 {¶ 15} Finally, Immke argues in its first assignment of error that the board abused its discretion by continuing the initial hearing until a later date. We disagree. The board may, in its discretion, continue an adjudication hearing beyond the 15-day deadline in R.C. 119.06. Barnes, supra, at 208; R.C. 119.09. Immke does not argue that the board's initial decision to continue the initial hearing was an abuse of discretion. Immke's argument focuses on the delay between the scheduled hearing and the actual hearing date. We have addressed and rejected that argument. Considering the scope of the violations involved and the board's irregular meetings, the board did not abuse its discretion by continuing the initial hearing date in this matter.
 {¶ 16} For all these reasons, Immke's first assignment of error is overruled.
 {¶ 17} Immke contends in its second assignment of error that the board's order revoking its license is barred by laches. We disagree.
 {¶ 18} The equitable doctrine of laches involves an omission by a party to assert a right for an unreasonable and unexplained length of time under circumstances that materially prejudice an opposing party. State ex rel. Eaton Corp. v. Indus. Comm.
(1997), 80 Ohio St.3d 352, 356. As a general rule, in the absence of a statute to the contrary, when the government takes action to enforce a public right or to protect the public interest, laches is not a defense. Ohio State Bd. of Pharmacy v. Frantz (1990),51 Ohio St.3d 143, 146; McCutcheon v. Ohio State Med. Bd.
(1989), 65 Ohio App.3d 49, 56.
 {¶ 19} Even if laches could apply in this case, "`to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting [the] claim.'" Reed v. State Med. Bd. of Ohio,162 Ohio App.3d 429, 2005-Ohio-4071, at ¶ 22, quoting Smith v.Smith (1959), 168 Ohio St. 447, paragraph three of the syllabus. Prejudice is not inferred from a mere lapse of time. State exrel. Chavis v. Sycamore City School Dist. Bd. of Edn. (1994),71 Ohio St.3d 26, 35.
 {¶ 20} Immke's only claim of prejudice is that the delay denied it a fair and expeditious adjudication of the issues. Immke makes no attempt to argue how it was prejudiced by the delay. We have also already determined that the delay in this case was not per se unreasonable and was, in part, explained. Moreover, Immke did not contest the violations that were alleged in the Notice. Instead, it presented evidence to mitigate the severity of the board's sanction. The board's delay in holding the hearing did not materially prejudice Immke's ability to present its mitigation evidence. The delay also allowed Immke to retain its license for a year. Immke does not show that it was materially prejudiced by the board's delay in this case. Accordingly, laches does not apply, and Immke's second assignment of error is overruled.
 {¶ 21} Immke's two assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown and McGrath, JJ., concur.
[1] In essence, the Notice alleged that Immke sold new cars for which it did not have a contract or agreement with the manufacturer to sell, and it solicited sales through persons other than a licensed salesperson.