[Cite as *Ohio Div. of Real Estate & Professional Licensing*, 2013-Ohio-2896.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98160

---

## OHIO DIVISION OF REAL ESTATE
## & PROFESSIONAL LICENSING

PLAINTIFF-APPELLEE

vs.

## VELMA L. KNIGHT

DEFENDANT-APPELLANT

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Administrative Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-754470

**BEFORE:** Celebrezze, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 3, 2013

**ATTORNEY FOR APPELLANT**

Deborah Gooden Blade
Gooden Blade Law Firm, L.L.C.
c/o 14340 Euclid Avenue
East Cleveland, Ohio   44112


**ATTORNEYS FOR APPELLEE**

Mike DeWine
Ohio Attorney General
BY:    Jennifer S. M. Croskey
          Allan K. Showalter
Assistant Attorneys General
Executive Agencies Section
30 East Broad Street
26th Floor
Columbus, Ohio   43215

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Appellant, Velma Knight ("Knight"), seeks review of her appeal from a decision of the Ohio Real Estate Commission ("the Commission") terminating her real estate license. She argues the common pleas court should have granted her motion for adverse judgment based on the failure of the Ohio Division of Real Estate and Professional Licensing ("the Division") to timely file a complete administrative record. The common pleas court, instead, found she did not receive a fair hearing, vacated the Commission's order, and remanded the case for a new hearing. After a thorough review of the record and law, we reverse and remand.

## I. Factual and Procedural History

**{¶2}** Knight owned and operated Cleveland Suburban Realty Co., a small real estate firm in Cleveland, Ohio. She employed Eral Foster ("Eral") as a realtor at her firm. Eral was approached by his half-brother, Anthony Foster ("Anthony"), to act as his real estate agent to sell a property Anthony owned in Cleveland, Ohio. Eral agreed and began marketing the property in January 2007. After a deal fell through with a buyer Anthony had brought to the table, Knight thought the property would interest one of her ongoing clients, Faruq Husam Adeen. Adeen was indeed interested, and Knight acted as the real estate agent representing him. Offers were exchanged and a purchase agreement was executed by Adeen. However, at the last minute, Adeen could not get financing, and another one of Knight's clients, Scott Ockington, was substituted as the purchaser.

Anthony indicated during the hearing that someone forged his signature on the Ockington purchase agreement, and the Division attorney contrasted Anthony's signature from the Adeen purchase agreement with one found on the Ockington purchase agreement. Anthony claims that he thought he was selling the home to Adeen. The transaction was consummated with Ockington, but later, Anthony filed a complaint with the Division.

{¶3} The Division followed up on the complaint and conducted an investigation into this transaction and others at Cleveland Suburban Realty Co. The investigation concluded with the filing of charges with the Commission alleging that Knight committed ten violations of R.C. 4735.18, and a notice of hearing was issued to Knight and Eral.

{¶4} The Commission assigned the case to an officer for hearing, scheduled on December 13, 2010. On that date, a blizzard was raging in Cleveland, and Knight claims she was prevented from attending the hearing in Columbus, Ohio, because of the adverse weather conditions. However, the record demonstrates that Knight did not contact the hearing officer or any other party about her inability to attend the hearing until a Division staff member called her offices and left a message asking about her attendance at the 11:30 a.m. hearing. In any event, the hearing went forward without Knight or Eral. Anthony drove from Shaker Heights, Ohio, the morning of the hearing and appeared to testify.

{¶5} The Division attorney presented the testimony of Anthony and the investigating officer for the Division, Josephine Davis-Dotstry. The hearing examiner issued a written opinion on January 27, 2011, finding Knight had committed ten

violations of rules of conduct and recommended, among other punishments, revocation of her real estate licence.

{¶6} On April 6, 2011, a proceeding was held before the Commission, which appellant did attend. She asserts that she attempted to present evidence and testimony, and her exhibits were accepted by the Commission. However, the Division asserts the written decision of the Commission simply adopted the recommendation of the hearing examiner pursuant to R.C. 4735.051 without further hearing.

{¶7} Knight then filed an appeal of the Commission's decision in the common pleas court. The Division filed the administrative record on June 6, 2011. However, the record was not complete. According to the Division, the audio recording of the proceedings it provided to the party that transcribed it was inaudible at some points. As a result, only a partial transcript was filed. After filing several motions for extensions of time to file her brief, Knight filed a motion for adverse judgment on September 15, 2011. As a result of her motion, and without leave from the common pleas court, on October 4, 2011, the Division filed a supplement to the record with a complete transcript as well as a few letters of correspondence that Knight had sent just prior to the December 13, 2010 hearing. Knight filed a renewed motion for adverse adjudication on January 11, 2012. There she argued that the record was still not complete because documents and affidavits she submitted during the Commission hearing on April 6, 2011, were not included.

{¶8} On February 28, 2012, after reviewing the administrative record filed up to that point, the common pleas court determined that Knight did not receive a fair hearing.

The common pleas court found that the Division sought to bootstrap evidence relating to Eral to Knight without doing a thorough investigation of Knight's actions. The court went through the evidence presented at the December 2010 hearing and found the proceedings were seriously compromised.

{¶9} The court found that the Division attorney led Anthony through his testimony and even appeared to testify for him at certain points. The court also found the testimony of the Division investigator, Davis-Dotstry, did not establish any wrongdoing related to Knight. The testimony lumped together actions by Knight and Eral with no clear indication that the investigator even spoke to Knight during the investigation of the 2007 complaint. Rather than rule on Knight's motion for adverse judgment, the court ruled that it was reversing the determination of the Commission and remanding the case to them for a new hearing.

{¶10} Knight then filed an appeal from that decision claiming three assignments of error:

> I. The lower court erred as a matter of law and abused its discretion in declaring the dispositive motion under O.R.C. 119.12 moot, constituting reversible error and requiring judgment in appellant's favor.
>
> II. The trial court erred and abused its discretion to the prejudice of appellant in failing to grant the motion for adverse adjudication, which decision is against the manifest weight of the evidence as the appellant was entitled to judgment in her favor as a matter of law.
>
> III. The trial court abused its discretion and erred to appellant's prejudice when it remanded the case on the merits, such decision being against the manifest weight of the evidence, particularly in light of the court's opinion that the agency's order was not supported by reliable, probative and substantial evidence.

## II. Law and Analysis

## A. Failure to Timely File the Administrative Record

{¶11} In her first two assignments of error, Knight claims the common pleas court erred when it did not grant her motion for adverse judgment because the Division failed to timely file a complete administrative record.

{¶12} R.C. 119.01 et seq. governs administrative appeals from state agency determinations. These statutes give aggrieved individuals the ability to have an agency determination reviewed by a common pleas court. Timeliness provisions are built into the statutory scheme to facilitate quick resolution of agency determinations that can have severe consequences for those affected. Such is the case here, where Knight's license to practice her chosen profession in the state of Ohio has been revoked.

{¶13} R.C. 119.12 requires that the administrative agency file a complete administrative record within 30 days of receipt of a notice of appeal. The statute provides for more time when the common pleas court grants leave. *Id.* In such an appeal, the common pleas court sits as an appellate court and must "affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." *Id.* However, if the court finds such evidence lacking, it may "reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." *Id.* "The common pleas court may substitute its own judgment

on the facts for that of the commission, based upon the court's independent examination and determination of conflicting issues of fact." *Ruck v. Cleveland*, 8th Dist. No. 89564, 2008-Ohio-1075, ¶ 7. Following that determination, this court's review is limited to determining "whether the common pleas court's decision is supported by reliable, probative, and substantial evidence and is in accordance with law." *Id.* at ¶ 9.

{¶14} The Ohio Supreme Court initially took a hard-line stance on an agency's failure to timely file a complete record with the common pleas court. *Matash v. State, Dept. of Ins.*, 177 Ohio St. 55, 202 N.E.2d 305 (1964), syllabus. It has since modified its position, recognizing that certain unintentional omissions should not automatically lead to a judgment adverse to the agency. *Arlow v. Ohio Rehab. Servs. Comm.*, 24 Ohio St.3d 153, 155-156, 493 N.E.2d 1337 (1986). Where an agency attempts to file a complete record, but through inadvertence fails to do so, the common pleas court must grant a motion for judgment only when the movant demonstrates prejudice.

{¶15} This court has previously addressed a similar argument to those raised here in *Knight v. Cleveland Civ. Serv. Comm.*, 8th Dist. No. 96777, 2011-Ohio-6440. There, an aggrieved city employee moved for judgment in his favor after the Cleveland Civil Service Commission failed to timely file a complete record. The common pleas court denied the motion and gave the commission additional time to file a complete record. This court determined that the common pleas court had discretion to extend the period within which the commission could file the record, and therefore found that an appeal

from the denial of a motion for adverse judgment in such a case was not a final, appealable order.

{¶16} Therefore, it is within the common pleas court's discretion to allow additional time for an agency to correct errors or omissions in the certified record on appeal. An abuse of discretion connotes that the common pleas court's decision was unreasonable, unconscionable, or arbitrary. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶17} Here, the Division certified an incomplete record because a transcript was incomplete. This omission was due to technical difficulties with the copy of the recording provided to the maker of the transcript. That error was recognized by Knight and raised in her motion. The Division quickly remedied the situation and filed a supplement with the entire transcript along with Knight's motion to transfer venue, which was received by the hearing examiner one day before the scheduled hearing. As the Ohio Supreme Court has recognized:

> To rule that appellant must be granted a finding in his favor even though the omissions in the record are not prejudicial would require this court to ignore the statutory phrase "adversely affected," to apply a "technical and strict construction" of R. C. 119.12 which has been criticized in past cases, and to ignore that R.C. 119.12 is remedial in nature and should, therefore, be given a liberal construction designed "to assist the parties in obtaining justice" under R. C. 1.11. (*See McKenzie v. Racing Comm.*, 5 Ohio St.2d 229, 231 [(1966)].)

*Lorms v. State, Dept. of Commerce, Div. of Real Estate*, 48 Ohio St.2d 153, 155, 357 N.E.2d 1067 (1976).

**{¶18}** "Adversely affected" equates to prejudice. In this context, prejudice deals with an impediment to presenting a claim under review. *Checker Realty Co. v. Ohio Real Estate Comm.*, 41 Ohio App.2d 37, 322 N.E.2d 139 (10th Dist.1974). Here, Knight may have suffered prejudice from the submission of only a partial transcript, but it was within the common pleas court's discretion to allow the Division more time given the nature of the error and efforts made by the Division to comply with its statutory mandate.

**{¶19}** However, the transcript was not the only item Knight claims was not provided by the Division. At the April 2011 hearing before the Commission, Knight was permitted to submit affidavits and other documents in her defense. These documents were never included in the certified record submitted by the Division.

**{¶20}** R.C. 119.09 allows a hearing examiner to be appointed by the agency to conduct a hearing and issue a recommendation. However, the agency "may order additional testimony to be taken or permit the introduction of further *documentary evidence*" after the hearing examiner makes its recommendation. (Emphasis added.) *Id*.

**{¶21}** At the April 2011 hearing, the Division attorney objected to the submission of additional evidence because Knight failed to appear at the December 2010 hearing. This objection was initially sustained. After discussions of the weather conditions on the day of the December hearing, the Commission decided to admit the documents submitted by Eral and Knight and heard statements from them. It also heard a statement from Anthony and asked him questions.

{¶22} The failure of the Division to submit this documentary evidence, the only evidence Knight was able to proffer, is prejudicial to the presentment of Knight's case. The Division continues to take the position that the April hearing before the Commission was limited to mitigation, and any evidence Knight could have submitted at the December hearing was not a part of the record. However, the transcript from the Commission hearing is clear that the commissioners determined to accept Knight's affidavits and other documents. "It is * * * axiomatic that an administrative agency must accept and include all relevant evidence presented by the parties. [It] cannot erroneously prepare an incomplete record and then take advantage of an error which it has created." *Ray v. Ohio Unemp. Comp. Bd. of Review*, 85 Ohio App.3d 103, 107, 619 N.E.2d 106 (4th Dist.1993).

{¶23} R.C. 119.12 instructs, if the administrative agency fails to timely file a complete record, which prejudices the other party, this failure to comply, "upon motion, *shall* cause the court to enter a finding in favor of the party adversely affected." (Emphasis added.) "Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply." *Id*.

{¶24} Therefore, the motion for adverse judgment should have been ruled on by the common pleas court in this case. The court did not reach this issue, but instead determined the case on the merits and remanded for a new hearing after finding the hearing process was unfair and the Commission's decision was not supported by

competent, credible evidence. But a required, thorough, independent review of the record cannot take place without a *complete record*.

{¶25} Omitted items include affidavits from others involved in the transaction that refute portions of Anthony's testimony and documents that establish Anthony was aware of the purchase price, the amount he would receive, and the amount he was required to refund to the purchaser to remedy defects in the property. This evidence goes to the heart of some of the violations the Division alleged against Knight.

{¶26} The Division argues that Knight suffered no prejudice because she had access to all the evidence she now complains is not in the certified record and was not prevented from arguing her case to the common pleas court. However, this ignores the fact that the common pleas court made its decision based on the record the Division submitted. The common pleas court exacerbated the problem by deciding the case exclusively on the incomplete administrative record before it. The court did not allow briefing on the merits or conduct a hearing. The court could not ignore Knight's timely motion raising genuine issues regarding the completeness of the record on appeal before deciding the appeal on the merits. Knight has demonstrated that the Division failed to timely certify the complete administrative record in this case, and that failure prejudiced her case. Her motion for adverse judgment should be granted.

{¶27} While the common pleas court is not required to conduct an oral hearing, R.C. 119.12 mandates a hearing and "a requirement to conduct a 'hearing' implies a 'fair hearing.'" *State ex rel. Ormet Corp. v. Indus. Comm. of Ohio*, 54 Ohio St.3d 102, 104,

561 N.E.2d 920 (1990). A decision based on an incomplete record that excludes all evidence submitted by Knight circumvents this imperative.

**{¶28}** This holding renders Knight's other assigned error moot.

### III. Conclusion

**{¶29}** The Division failed to include evidence Knight submitted to the Commission, which was accepted and made a part of the administrative record. Knight moved for adverse judgment based on the Division's failure to include this evidence. Instead of ruling on Knight's motion, the common pleas court examined the incomplete record and found a new hearing was required. The decision of the court based on an incomplete record further demonstrates the prejudice Knight suffered as a result of the Division's failure. Therefore, the motion for adverse adjudication must be granted.

**{¶30}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR