[Cite as *Lake v. State Med. Bd. of Ohio*, 2025-Ohio-2842.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Norma S. Lake, M.D., | : | |
| Appellant-Appellee, | : | |
| | | No. 24AP-547 |
| v. | : | (C.P.C. No. 22CV-7535) |
| State Medical Board of Ohio, | : | (REGULAR CALENDAR) |
| Appellee-Appellant. | : | |

D E C I S I O N

Rendered on August 12, 2025

**On brief:** *Spadafore Law, LLC*, and *Craig J. Spadafore*; *Jones Law Group, LLC*, and *Eric A. Jones*, for appellee. **Argued:** *Craig J. Spadafore*.

**On brief:** *Dave Yost,* Attorney General, and *Katherine Bockbrader*, for appellant. **Argued:** *Katherine Bockbrader*.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Appellant, State Medical Board of Ohio ("Ohio Board"), appeals the judgment of the Franklin County Court of Common Pleas, which remanded this matter to the Board for a new hearing regarding the medical license of appellee, Norma S. Lake, M.D. ("Dr. Lake"). For the following reasons, we reverse.

**I. PROCEDURAL HISTORY AND FACTS**

{¶ 2} Dr. Lake was first licensed to practice medicine in Ohio in 1995 and was also licensed in Florida.[1] In 2009 and 2010, the Florida Department of Health ("Florida Department") initiated two complaints[2] against Dr. Lake related to nine patients. In the

---

[1] Dr. Lake notes in her brief that she has solely practiced medicine in Florida at all times relevant to the case before us. (Appellee Brief at 3.)
[2] Case nos. 2009-07674 and 2010-01541.

complaints, the Florida Department alleged that Dr. Lake did not meet the prevailing standard of care when she prescribed excessive, inappropriate, and potentially fatal doses of controlled pain medications.

{¶ 3} In 2013, as part of her Ohio medical license renewal application, Dr. Lake disclosed to the Ohio Board that she was under investigation by the Florida Department. On September 13, 2013, the Ohio Board requested that Dr. Lake forward the specific information concerning the charges filed against her, including the entity filing such charges against her, along with any document or correspondence pertaining to the case.

{¶ 4} On March 31, 2015, the Ohio Board sent a letter to Dr. Lake informing her "that no further action was required by the Board and the complaint has been closed."

{¶ 5} On June 29, 2021, the Florida Department entered into a settlement agreement with Dr. Lake wherein she was fined $30,000 and ordered to pay costs in the amount of $35,000. While Dr. Lake did not admit or deny any of the allegations in the Florida Department's complaints, the settlement agreement permanently barred Dr. Lake from practicing in a pain management clinic and from prescribing any Schedule I-IV substances.

{¶ 6} The Ohio Board then initiated this action under its authority for a bootstrap charge under R.C. 4731.22(B)(22).[3]

{¶ 7} On September 8, 2021, the Ohio Board sent a letter notifying Dr. Lake and her attorney of the Ohio Board's intention "to determine whether or not to limit, revoke, permanently revoke, suspend, refuse to grant or register or issue" Dr. Lake's medical license. (Sept. 8, 2021 Letter at 1.) The Ohio Board's letter stated that the June 2021 Florida Department's final order approving and adopting the settlement agreement was an action under R.C. 4731.22(B)(22), thereby allowing the Ohio Board to "limit, revoke, or suspend a license or certificate to practice or certificate to recommend, refuse to issue a license or certificate, refuse to renew a license or certificate, refuse to reinstate a license or certificate, or reprimand or place on probation the holder of a license or certificate." R.C. 4731.22(B).

---

[3] R.C. 2731.22(B)(22) states that the Ohio Board, by a vote of at least six of its members, may revoke a license for "[a]ny of the following actions taken by an agency responsible for authorizing, certifying, or regulating an individual to practice a health care occupation or provide health care services in this state or another jurisdiction, for any reason other than the nonpayment of fees: the limitation, revocation, or suspension of an individual's license to practice; acceptance of an individual's license surrender; denial of a license; refusal to renew or reinstate a license; imposition of probation; or issuance of an order of censure or other reprimand."

{¶ 8} The Ohio Board's letter also stated that, pursuant to R.C. Chapter 119, Dr. Lake was entitled to a hearing where she may be represented by an attorney to present her position, arguments, or contentions, as well as to present evidence and examine witnesses appearing for or against her. The letter also expressly advised that if the Ohio Board did not receive a request for a hearing within 30 days of the mailing of the notice, the Ohio Board may make its determination regarding Dr. Lake's license in her absence.

{¶ 9} Dr. Lake did not respond to the Ohio Board's September 8, 2021 letter. On October 12, 2022, the Ohio Board issued an entry permanently revoking Dr. Lake's license to practice medicine and surgery in Ohio.

{¶ 10} On October 27, 2022, Dr. Lake appealed the Ohio Board's action to the Franklin County Court of Common Pleas. On February 25, 2023, Dr. Lake filed a motion to supplement the record, arguing that the record did not include documents relating to Dr. Lake's 2013 license renewal application and the Ohio Board's determination in 2015 that no further action was required and that the complaint previously filed against her had been closed.

{¶ 11} On November 13, 2023, the trial court granted Dr. Lake's motion to supplement the record. The trial court noted that Dr. Lake did not respond to the Ohio Board's notice as "she believed the matter had already been investigated and addressed by the Board." (Decision & Entry at 1-2.) The trial court looked to *Ray v. Ohio Unemployment Comp. Bd. of Review*, 85 Ohio App.3d 103 (4th Dist. 1993), where the court found:

> when an administrative agency certifies a record to the court of common pleas, and it appears that the decision was reached without consideration of evidence submitted to it but not included in the record, and that evidence may reasonably affect the decision of the agency, the court must remand the matter to the agency to permit it to carry out its role as the finder of fact.

*Id.* at 108.

{¶ 12} The trial court also looked to *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204 (1st Dist. 1981), where the court found that a common pleas court, acting as an appellate court reviewing an administrative adjudication, may correct errors in the record. The common pleas court granted Dr. Lake's motion to supplement the record, stating that it "appears that a decision was reached without consideration of relevant records already in

the Board's possession," and directing the Ohio Board to produce the records within 30 days. (Decision & Entry at 4.)

{¶ 13} On December 21, 2023, the Ohio Board filed a supplement to the record, which contained Dr. Lake's 2013 license renewal application and the March 2015 letter that informed Dr. Lake that no further action was required by the Ohio Board and that the complaint had been closed. Nevertheless, Dr. Lake filed a motion to show cause and a renewed motion to supplement the record, arguing that the Ohio Board did not include in its supplement all documentation of its prior investigation of her previous license renewal applications.

{¶ 14} On August 2, 2024, the common pleas court issued a final decision and judgment entry remanding this matter to the Ohio Board. The court reasoned that the supplement to the record showed that a remand is necessary, as the Ohio Board did not consider important information, which "should not be considered in the first instance by [the court] in an appeal." (Decision & Jgmt. Entry at 5.) The court then found "that under these circumstances, justice requires that this matter be remanded to the Board for a new hearing, at which both parties will have an opportunity to offer evidence, thereby allowing the Board an opportunity to make a Decision based on all of the relevant information." *Id.*

{¶ 15} On August 30, 2024, the Ohio Board appealed the common pleas court's August 2, 2024 decision and its November 13, 2023 decision to grant the motion to supplement the record.

## II. ASSIGNMENTS OF ERROR

{¶ 16} The Ohio Board argues the following assignments of error:

(1) The lower court erred and abused its discretion when it ordered the Board to "supplement" the certified record with confidential, irrelevant documents that were not considered by the Board and that Dr. Lake had no right to obtain or present as evidence.

(2) The lower court erred and abused its discretion when it remanded this matter to the Board for a hearing to admit evidence when no hearing was requested, Dr. Lake was not entitled to admit the evidence, and the Board's order was supported by reliable, probative and substantial evidence and was in accordance with law.

### III.  ANALYSIS

{¶ 17}  In reviewing an order of the state medical board, the common pleas court is bound to uphold the board's order if it is supported by reliable, probative, and substantial evidence and is in accordance with law.  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993), citing R.C. 119.12; *In re Williams*, 60 Ohio St.3d 85, 86 (1991).  An appellate court's review is even more limited than that of the common pleas court because, while it is incumbent upon the trial court to examine the evidence, this is not the function of the appellate court.  *Id.*  Therefore, this court reviews whether the trial court has abused its discretion on questions of fact.  *Id.*

{¶ 18}  However, the trial court's decision here did not determine whether the Ohio Board's order was supported by reliable, probative, and substantial evidence, but instead determined that "justice requires" a remand for the Board to consider supplemental evidence.  This is a conclusion of law which we review de novo.  *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339, 344 (1992).

### A.  Assignment of Error No. 1

{¶ 19}  In its first assignment of error, the Ohio Board argues that the common pleas court failed to confine its review to the certified record and "newly discovered" evidence, and that Dr. Lake waived her right to present evidence when she did not request a hearing before the Ohio Board.  We agree.

{¶ 20}  R.C. 119.12(L) states:

> Unless otherwise provided by law, in the hearing of the appeal, *the court is confined to the record as certified to it by the agency.* Unless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that the additional evidence is *newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency.*

(Emphasis added.)

{¶ 21}  Under this provision of R.C. Chapter 119, the trial court was confined to the record certified to it by the Ohio Board unless additional evidence was "newly discovered." In *Jain v. Ohio State Med. Bd.*, 2010-Ohio-2855 (10th Dist.), this court rejected a party's attempt to add additional evidence to the administrative record, as the documents, which

were already in the agency's possession, did not meet the requirements for newly discovered evidence under R.C. 119.12(L). In *Jain*, the appellant had received notice from the Ohio Board of an opportunity to request a hearing, but the appellant did not do so. On appeal, Jain argued for the admission of additional evidence, including documents from a different case before the Ohio Board. The *Jain* court stated that "[i]f appellant had wanted to ensure certain evidence would be included in the record both before the board and the trial court, she should have taken the proper steps to procure a hearing." *Id.* at ¶ 20.

{¶ 22} The trial court here reasoned, and Dr. Lake now argues on appeal, that *Ray* and *Lies* apply and support the trial court's order to allow the record to be supplemented. We do not agree.

{¶ 23} In *Ray*, the Fourth District Court of Appeals held that

> when an administrative agency certifies a record to the court of common pleas, and it appears that the decision was reached without consideration of evidence submitted to it but not included in the record, and that evidence may reasonably affect the decision of the agency, the court must remand the matter to the agency to permit it to carry out its role as the finder of fact.

*Ray*, 85 Ohio App.3d at 109.

{¶ 24} *Lies* concerned the reversal of a suspension of a veterinary license after a full evidentiary hearing. In *Lies*, the court of appeals stated:

> [w]e find no error in correcting the instant record to the extent allowed in this case. . . . On the contrary, our fundamental principles of fairness require that judicial determinations be made on the rock of truth, so far as humanly possible, provided the corrections are sought in good faith and are obviously helpful for judicial review.

*Lies*, 2 OhioApp.3d at 211.

{¶ 25} However, we find these cases inapposite to the facts before us now. This case does not present a situation in which the evidence Dr. Lake seeks to admit was previously submitted to the Board and ignored. Dr. Lake submitted no evidence, because she did not request a hearing, unlike the parties in *Ray* and *Lies*.

{¶ 26} We also agree with the Ohio Board that Dr. Lake waived her right to present additional evidence when she failed to request a hearing after she, and her attorney, received notice from the Ohio Board. Generally, before issuing an adjudication order, an agency must afford an opportunity for a hearing to the party whose interests are at issue in the adjudication. R.C. 119.06. The agency must notify the party of its opportunity for a hearing. R.C. 119.07; *Cowans v. Ohio State Racing Comm.*, 2014-Ohio-1811, ¶ 29 (10th Dist.). The notice must include "the charges or other reasons for the proposed action [and] the law or rule directly involved." R.C. 119.07. If the party requests a hearing within 30 days of the mailing of that notice, the agency must schedule and hold a hearing. *Id.*; *Immke Circle Leasing, Inc. v. Ohio Bur. of Motor Vehicles*, 2006-Ohio-4227, ¶ 8-9 (10th Dist.).

{¶ 27} When a party does not request a hearing after they have been provided notice, "the board may proceed with further adjudication in [their] absence, so long as it more substantially complies with the procedural safeguards implicit and explicit in R.C. Chapter 119." *Goldman v. State Med. Bd.*, 110 Ohio App.3d 124, 129 (10th Dist. 1996).

{¶ 28} While a party that does not request a hearing still retains the right to appeal the decision of the administrative agency, this court has previously held that not requesting a hearing is not without consequence. In *Goldman v. State Med. Bd.*, 1998 Ohio App. LEXIS 4918 (10th Dist. Oct. 20, 1998), this court held that the appellant, by waiving his right to appear, lost other rights that he would have been able to exercise at the hearing. This court stated that "[s]uch language does not mean that appellant, while waiving his right to appear, still retained the right to present evidence, cross-examine witnesses, and make opening and closing statements." *Id.* at *8. The fundamental requirement of procedural due process is notice and the opportunity to be heard, and such opportunity is subject to waiver. *Korn v. Ohio State Med. Bd.*, 61 Ohio App.3d 677, 684 (1988), citing *Luff v. State*, 117 Ohio St. 102 (1927); *see also, Boddie v. Connecticut*, 401 U.S. 371, 378-379 (1971).

{¶ 29} Dr. Lake was given notice of the Ohio Board's potential action against her, and that notice, in express terms, informed her that she had the opportunity to request a hearing. Neither Dr. Lake nor her attorney responded to the notice to request a hearing, nor does she argue on appeal that she did not receive the notice. The notice explicitly stated that she could request a hearing—wherein she could present evidence. The notice, in

unequivocal terms, notified her of the seriousness of the potential action including the revocation of her medical license.

{¶ 30} Dr. Lake argues that she was not seeking the admission of newly discovered evidence under R.C. 119.12(L) but was seeking to supplement the record in accordance with R.C. 119.12(J), so that she may present an argument that the Ohio Board's actions were barred by res judicata. Dr. Lake points us to this requirement that the agency must "prepare and certify to the court a complete record of the proceedings in the case." R.C. 119.12(J). She argues that the 2021 disciplinary action by the Ohio Board was barred by res judicata as it "involved the exact same adverse action taken against Dr. Lake by the Florida Board relating to the same nine patients she treated in Florida between 2008 and 2009." (Nov. 18, 2024 Am. Brief of Appellee at 23.)

{¶ 31} We are not persuaded. As we have already noted, Dr. Lake did not request a hearing when she had the opportunity to do so and thereby waived these arguments and her ability to present evidence to support those arguments that she wishes to raise on appeal.

{¶ 32} By not requesting a hearing, Dr. Lake waived the right to appear at the hearing and "be heard" or in other words, the right to cross-examine, make opening and closing statements, and the right to present evidence. Accordingly, we sustain the Ohio Board's first assignment of error.

### B. Assignment of Error No. 2

{¶ 33} In the Ohio Board's second assignment of error, it argues that the trial court erred in remanding this matter to the Ohio Board when Dr. Lake did not request a hearing and therefore was not entitled to admit evidence. As we have noted in our discussion of the first assignment of error, we agree that Dr. Lake waived her right to present evidence when she failed to request a hearing. We therefore also agree that the common pleas court erred in remanding this case to the Ohio Board to admit additional evidence. We therefore sustain the Ohio Board's second assignment of error.

{¶ 34} The Ohio Board notes that the common pleas court made no determination whether the Ohio Board's order was supported by reliable, probative, and substantial evidence and whether it was in accordance with law. However, we decline to make those determinations before the common pleas court has done so.

## IV.  CONCLUSION

{¶ 35}  Having sustained the Ohio Board's two assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas.  We remand this matter to that court to determine whether the Ohio Board's order was supported by reliable, probative, and substantial evidence and was in accordance with law.

*Judgment reversed and cause remanded.*

BEATTY BLUNT and MENTEL, JJ., concur.